No. 90-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

INTERSTATE PRODUCTION CREDIT ASSOCIATION OF GREAT FALLS, MONTANA,

Plaintiff and Respondent,

-vs-

JOSEPH L. DeSAYE AND GRACE L. DeSAYE,

Defendants, Counter-Claimants and Appellants,

-vs-

INTERSTATE PRODUCTION CREDIT ASSOCIATION OF GREAT FALLS, MONTANA,

Counter-Defendant.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Choteau,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Leo Graybill, Jr.; Graybill, Ostrem, Warner & Crotty, Great Falls, Montana.

For Respondent:

John Paul; Alexander, Baucus & Linnell, Great Falls, Montana.

Submitted on briefs: October 3, 1991

Decided: November 14, 1991

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a judgment of possession of the Twelfth Judicial District, Chouteau County. Subsequent to a foreclosure action, the District Court found that the appellants, Joe and Grace DeSaye (DeSaye), were not entitled to possession of their farm in Loma, Montana during the statutory redemption period. We affirm.

A question in this case involves the District Court's denial of a motion in limine during the foreclosure proceeding. DeSaye was precluded from introducing expert testimony regarding the interest rates charged by respondent, Interstate Production Credit Association of Great Falls, Montana (IPCA). However, this Court granted IPCA's motion dismissing DeSayes' appeal of the District Court's ruling on the motion in limine because DeSayes failed to file their appeal of the foreclosure judgment and decree in a timely fashion.

There is one issue for our review. Did the District Court err by finding that Joseph L. DeSaye was not entitled to possession of the foreclosed farm during the statutory redemption period?

Following a jury verdict in favor of IPCA, the District Court entered a judgment and decree of foreclosure against DeSayes. DeSaye objected that the judgment failed to identify how the issue of possession during the year of redemption would be resolved. The court ordered briefs on the possession issue and an evidentiary hearing was held. The subject property, located at Loma, Montana, is a large irrigated farm consisting of two houses and several outbuildings. The "large" house is occupied by DeSayes' son Grant,

2

Grant's wife and their children. Grant utilizes the property to run cattle independently of his father. In addition, along with his father, he attends to farming operations. Initially, the court found that during the redemption period DeSaye would be entitled to possession of the 'small house' but not to the 'large house', outbuildings and surrounding grounds.

Subsequent to the District Court's decision, this Court decided Federal Land Bank of Spokane v. Snider (1991), 48 St.Rep. 285, 808 P.2d 475. In Snider, this Court held that when determining possession of foreclosed property during the redemption period there is no basis for dividing lands that the execution debtor occupies. In May, 1991, we requested the District Court to reconsider its decision in light of the Snider decision. The District Court reviewed the record, found it unnecessary to obtain further evidence and determined that DeSaye did not occupy the foreclosed land as a home for himself and his family thereby granting possession of all the foreclosed land to IPCA. DeSaye appeals.

Section 71-1-229, MCA, provides in relevant part that:

> The purchaser of lands at mortgage foreclosure is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while the execution debtor personally occupies the land as a home for himself and his family.

Determining who is entitled to possession of the property hinges on whether DeSaye (the execution debtor) personally occupied the land as a home for himself and his family. Resolution of this matter is a question of fact to be determined by the trial court.

3

This Court will affirm the findings of a trial court sitting without a jury unless the findings are clearly erroneous. Rule 52(a), M.R.Civ.P. In comparison, this Court will affirm the verdict of a jury if there is substantial credible evidence in the record to support the verdict. It is necessary to clarify these two standards and their proper application.

Substantial credible evidence when used to support a jury verdict is fairly well understood; however, when substantial evidence is used in the clearly erroneous standard it is less clear. If a finding is not supported by substantial evidence it is clearly erroneous. The converse proposition that a finding supported by substantial evidence cannot be clearly erroneous is not true in a non-jury case. Wright and Miller, 9 Federal Practice and Procedure, Civil § 2585 at p. 735. "Substantial evidence and clearly erroneous are not synonymous and a finding may be set aside, though supported by substantial evidence if found to be clearly erroneous." W.R.B. Corp. v. Geer (C.A. 5th, 1963), 313 F.2d 750.

We adopt the following three-part test to determine if a finding is clearly erroneous. First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence we will determine if the trial court has misapprehended the effect of evidence. Western Cottonoil Co. v. Hodges (C.A. 5th 1954), 218 F.2d 158; Narragansett Improvement Company v. United States (1961), 290 F.2d 577. Third, if substantial evidence exists

4

and the effect of the evidence has not been misapprehended the Court may still find that "[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co. (1948), 68 S.Ct. 525, 333 U.S. 364, 92 L.Ed. 746.

In the instant case, the District Court based its findings that DeSaye did not reside in Loma on the following six facts. First, DeSaye's telephone number was listed in Arizona at the home of his present wife, Carol Struck, while no listing was found in his name at the Loma farm. Second, neither DeSaye's mailing address nor vehicle registration identify the Loma farm. His mailing address is a post office box at Havre, Montana. Third, Desaye was found to have spent more than 50 percent of his time in Arizona. Fourth, his current wife resides in Mesa, Arizona and has never spent a night at the Loma farm. Fifth, Joe and Grace Desaye divorced in 1989. Joseph L. DeSaye claimed in petition for dissolution and was found in the final decree of marriage dissolution to be a resident of the State of Arizona. Sixth, the farmhouse is occupied by DeSayes' son and his family who run livestock independent of DeSaye.

We find that the facts above provide substantial evidence that DeSaye did not make his home at the Loma farm. DeSaye contends that these facts are not determinative. He testified and maintains that he considers the Loma farm to be his home. Numerous examples from the record are cited to refute the District Court's finding and to

5

support his contention that he does in fact live at the Loma farm. DeSaye alleges that the record clearly supports a finding that he does reside at the Loma farm and that he should be given possession during the redemption period.

Although conflicts may exist in the evidence presented, it is the duty of the trial judge to resolve such conflicts. Due regard is to be given the trial court's ability to judge the credibility of the witnesses. Rule 52(a), M.R.Civ.P. This Court's function is not to substitute its judgment for the trier of fact. Wallace v. Wallace (1983), 203 Mont. 255, 661 P.2d 455.

The language of § 71-1-229, MCA, is clear in that execution debtors themselves must 'personally' reside at the foreclosed property. We decline Desaye's invitation to include his son's family residence at the farm as being able to substitute for his own. While it is unclear why the District Court initially found that DeSaye did reside in the 'small house,' but on reconsideration found that the small house was not his home, it remains that the substantial evidence does support the court's finding on reconsideration. The District Court did not misapprehend the effect of its evidence. Furthermore, a review of the evidence does not leave us with a definite and firm conviction that a mistake has been committed. Affirmed.

_R. C. McDonough_
Justice

We Concur:

_John Conway Harrison_

Karla M. Gray

William E. Hunt

Jim Nelson

_____
Justices

7