No. 93-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RALPH HAMMER,
      Plaintiff and Appellant,

   v.

MARY JO HAMMER and HAMMER FARMS,
INC., a Montana corporation,
      Defendants and Respondents.



FILED

DEC 14 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Daniels,
               The Honorable James Sorte, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Loren J. O'Toole, O'Toole & O'Toole, Plentywood,
          Montana

     For Respondent:

          Ken W. Hoversland, Scobey, Montana

Submitted on Briefs:  November 11, 1993

Decided:  December 14, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Ralph Hammer (Ralph) appeals from portions of a judgment entered by the Fifteenth Judicial District Court, Daniels County, concerning the ownership of certain buildings; no appeal is taken from the judgment insofar as it relates to a grain dryer. We affirm.

The dispositive issue before us is whether the District Court erred in concluding that a writing relied on by Ralph is insufficient to establish cotenancy. As a result, we need not address Ralph's argument that the court erred in also concluding that he is estopped from asserting any claim against the buildings, because his assertion of error vis-a-vis estoppel is premised on his having established the cotenancy.

The conclusion at issue is based on the District Court's findings of fact relating to the evidence presented in support of the cotenancy. Thus, we review herein both findings of fact and conclusions of law. A district court's findings of fact are reviewed to determine if they are clearly erroneous. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603. That standard encompasses a three-part test of substantial evidence, misapprehension of the effect of the evidence, and whether this Court is left with the definite and firm conviction that a mistake has been committed. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

Ralph claims a one-third ownership interest in a quonset, a shop and granaries located on real property presently owned by

2

Hammer Farms, Inc. Based on that asserted ownership interest, Ralph claims that the defendants ousted him from possession and, as a result, that he is entitled to a court sale of the buildings and receipt of one-third of the proceeds.

Co-defendant Mary Jo Hammer (Mary Jo) is the widow of Ralph's deceased brother, Glenn. It is undisputed that Glenn Hammer acquired sole title to the real property upon which the buildings at issue are located from his parents on October 13, 1967; the warranty deed included all buildings and improvements situated on the real property. Glenn and Mary Jo lived on the property from the date of acquisition until Glenn's death in 1984. Mary Jo continues to reside there. Title to the property is held by co-defendant Hammer Farms, Inc.

Ralph's claim of a one-third ownership interest in the buildings is based on a writing allegedly executed by Glenn. The writing reads as follows:

> This is an agreement that Lloyd Hammer [another brother] & Ralph Hammer own each one third interest in the shop, quonset and four wood granaries located SW1/4 of 28 35 50. Also to use location for parking of a trailer house.
>
> For this they will pay their share of the insurance and taxes on the above mentioned property.

A signature, purportedly that of Glenn A. Hammer, follows. The writing is not dated, witnessed or notarized. It was not recorded. Ralph testified that Glenn executed the writing; Mary Jo could not swear that the signature was Glenn's. Ralph could not testify as to the date the writing was made. He testified that "it could be" that he had had possession of the writing for twenty to thirty years. Neither Mary Jo nor Lloyd Hammer had ever seen the writing

prior to late 1989.

Boiled down to their essence, the District Court's findings of fact relating to the writing reflect that the court did not find Ralph's presentation in that regard credible. A trial court acting as a finder of fact is in the best position to observe the witnesses, including their demeanor and credibility. Nave v. State Compensation Mut. Ins. Fund (1992), 254 Mont. 54, 58, 835 P.2d 706, 709. The weight of evidence and credibility of witnesses are exclusively the province of the trier of fact. State v. Palmer (1991), 247 Mont. 210, 214, 805 P.2d 580, 582. Here, the District Court determined credibility, weighed the evidence and entered findings based on substantial evidence. The findings do not indicate that the court misapprehended the effect of the evidence; nor does it appear that a mistake has been made. We hold that the District Court's findings of fact relating to the writing are not clearly erroneous.

On the basis of the record and its findings, the District Court concluded that "[t]he writing presented by the Plaintiff is insufficient to establish cotenancy." We cannot say that this conclusion was error as a matter of law.

The problems with the writing, insofar as they relate to whether it proved Ralph's ownership interest, are too fundamental to require extended discussion or citation to legal authority. First, the authenticity of the writing is not established here because whether Glenn actually executed the writing is questionable. Even more important is the lack of a date on the writing, or any other evidence fixing such a date in other than the

4

vaguest of terms. According to Ralph's own testimony, the writing may have been executed as early as 1963. As noted above, Glenn did not own the real property and buildings until late in 1967. Thus, even assuming Glenn executed the writing, he may have done so while the property was still owned by his parents. Moreover, at least some of the buildings at issue are, in fact, permanently affixed to the real property and, as such, are legally part of the real property itself. Under fundamental legal principles, the writing does not evidence any of the formalities required to transfer ownership of, and title to, real property. The District Court did not err in concluding that the writing was insufficient to establish a cotenancy in Ralph.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices