No.  92-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

PERCIE LEE JONES, Personal Representative:
In the Matter of the estate of WALTER
ROYSTON JONES, Deceased

    Plaintiff and Appellant,

    v.

CLIFFORD BUNCH and SUNNY REVES,

    Defendants and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Percie Lee Jones, Missoula, Montana (pro se)

        For Respondent:

        James E. Congdon, Congdon Law Offices, Missoula,
        Montana

FILED

Filed:  AUG 1 1 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  June 24, 1994

Decided:  August 11, 1994

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Percie Lee Jones, Personal Representative for the Estate of Walter Royston Jones, appeals the findings and conclusions of the District Court of the Fourth Judicial District, Missoula County, in a proceeding against the defendants in which plaintiff claimed defendants had fraudulently converted property of the estate of Walter Royston Jones to their own use. We affirm the judgment in favor of the defendants.

The sole issue for review is whether the findings of the District Court are clearly erroneous.

Findings of a district court are not clearly erroneous if they are supported by substantial evidence. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a scintilla of evidence but may be somewhat less than a preponderance. Barrett v. Asarco, Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080. Substantial evidence must be greater than trifling or frivolous but is binding on this Court although it may appear inherently weak. Kitchen Krafters v. Eastside Bank of Montana (1990), 242 Mont. 155, 164, 789 P.2d 567, 572.

Here the District Court determined that all the property of the deceased was accurately accounted for in the probate and distributed by the court, that the motor vehicles were properly distributed, that the respondents did not convert property of the estate to their own use, that the respondents did not act

2

negligently or carelessly in transporting the deceased to the hospital and did not fail to obtain proper medical care for him.

This Court has reviewed the record and concludes that the findings of the District Court are supported by substantial evidence therein. Accordingly, applying the three-part test of DeSaye, we hold the District Court's findings are not clearly erroneous.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

3