No. 94-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

SHEPHERD STAINLESS, INC.,

      Plaintiff and Respondent,

  v.

KEVIN RICHAU,

      Defendant and Appellant.

FILED

AUG 2 9 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      George T. Radovich, Billings, Montana

      For Respondent:

      K. D. Peterson, Peterson and Schofield,
Billings, Montana

Submitted on Briefs: July 26, 1994

Decided: August 29, 1994

Filed:

Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

Shepherd Stainless, Inc., fabricated two batches of stainless steel brackets for Kevin Richau, to be used by Richau in cabinets he designed and made for gambling equipment. After a **nonjury** trial, the District Court for the Thirteenth Judicial District, Yellowstone County, ruled that Richau owed Shepherd Stainless $5,751 pursuant to two oral contracts between the parties. Richau appeals. We affirm.

The issues on appeal are: (1) whether the court erred in finding that Shepherd Stainless billed Richau a reasonable amount for the first order of brackets: (2) whether the court erred in assessing a value to the work done by Shepherd Stainless; and (3) whether the court erred in refusing to allow into evidence certain testimony by Richau concerning the value of the work done by Shepherd Stainless.

Stanley Swenson, the president and chief executive officer of Shepherd Stainless, testified on behalf of the corporation at trial. His testimony and the exhibits introduced by Sheperd Stainless at trial support the District Court's findings that the bill for the first order of brackets was reasonable and that the value of the work done by Shepherd Stainless was $5,751. Because the District Court's findings are not clearly erroneous, they will not be disturbed on appeal. See Rule 52(a), M.R.Civ.P., and Interstate Prod. Credit **Ass'n** v. **DeSaye (1991),** 250 Mont. 320, 322, 820 **P.2d** 1285, 1287.

Richau attempted to testify about what other metal workers had told him concerning the value of the metal work done by Shepherd Steel. This offered testimony would clearly have been hearsay, and was therefore inadmissible under Rule 802, M.R.Evid.

We affirm the decision of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, the State Reporter, and West Publishing Company.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

3