No. 95-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FIRS HOLDING CO., INC., a Montana
Corporation; and TERRY L. McKAY,

    Plaintiffs and Appellants,

v.

MICHAEL LEMLEY; RX ENTERPRISES, INC.,
a Montana Corporation,

    Defendant and Respondent.

FILED

AUG 22 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James R. Graves, Ingrid Gustafson; Oliver, Graves,
Toennis & Gustafson, Billings, Montana

    For Respondent:

        Mark D. Parker; Parker Law Firm, Billings, Montana

Submitted on Briefs:  July 27, 1995

Decided:  August 22, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

In this appeal, FIRS Holding Co., Inc., questions whether a District Court Judge who did not preside over the trial in the first instance may amend the Findings of Fact without the benefit of a transcript of the proceedings. We reverse.

BACKGROUND

FIRS Holding and Terry McKay filed this suit against Michael Lemley alleging, inter alia, bad faith with regard to the capitalization of FIRS Holding, an entity which had been formed by McKay and Lemley. The suit was tried before Judge William J. Speare, sitting without a jury. Judge Speare issued his Findings of Fact and Conclusions of Law on December 5, 1994 with the Judgment being filed on December 15, 1994. On December 21, 1994, Lemley filed a Motion for a New Trial and to Amend Findings and Relief from Judgment. On January 1, 1995, Judge Speare retired and Judge Diane G. Barz succeeded him as District Judge, Thirteenth Judicial District, and assumed jurisdiction over this matter. On January 3, 1995, FIRS Holding filed a response to Lemley's motion to Amend the Findings. On February 1, 1995, Judge Barz entered an order amending Judge Speare's December 15, 1994 Judgment. As of the date of Judge Barz's order, the record of the trial had not been transcribed. FIRS Holding then filed a Rule 59(g), M.R.Civ.P., motion for relief from the Amended Judgment based upon Judge Barz's failure to review a transcript of the May 10, 1994, trial over which Judge Speare had presided. Lemley responded to

2

FIRS Holding's motion. The District Court, however, did not rule on the motion within 45 days and, thus, pursuant to Rule 59(g), M.R.Civ.P., the motion was deemed denied. FIRS Holding appeals from that denial.

ISSUE PRESENTED

May a District Court Judge who did not preside over the original bench trial issue amended findings of fact without having the benefit of a transcript of the original proceeding?

DISCUSSION

When Judge Barz assumed the office of District Judge on January 2, 1995, Lemley's motion to amend Judge Speare's Findings of Fact was pending before the court. FIRS Holding and McKay responded to the motion on January 3, 1995 and failed to point out that, since Judge Barz had not presided over the original trial, a transcript of the proceedings would be necessary in order for her to rule on the pending motion. Had FIRS Holding brought Lemley's failure to order a transcript to the court's attention at that early stage, the necessity of this appeal would have been obviated. Nonetheless, the fact remains that the record had not been transcribed and the court proceeded to rule on the motion without the benefit of a transcript of the testimony. We hold that this is reversible error. A district court judge who has not presided over the original bench trial and who has not read a transcript of those proceedings does not have the necessary basis to act as an advised and intelligent fact finder, either in the first instance or in an

3

amendatory fashion. Unless the parties have stipulated to the relevant and controlling facts, a judge who is asked to amend findings of fact entered by another judge, cannot act on the motion to amend without having first reviewed the relevant portions of the trial transcript.

In reviewing district court findings of fact, this Court determines whether the finding are clearly erroneous. Interstate Production Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1287. In determining whether the findings are clearly erroneous, we first look to see if the findings are supported by substantial evidence. We then determine whether the district court misapprehended the evidence. In the absence of a transcript of the proceedings, there is no evidence to apprehend or misapprehend. Without a record, it is impossible to judge whether or not the finding(s) in question are supported by substantial evidence.

Since Lemley is the party who sought the amendment to the Findings of Fact, it is incumbent upon Lemley to order a transcript of the proceedings so that the District Court can adequately consider the merits of his motion.

Reversed and remanded for proceedings consistent with this opinion.

_W. William Leaphart_
Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5