NO. 94-591

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CHARLES S. ("CHUCK") BRAGG,
JR., and PATRICIA S. BRAGG,
husband and wife,

Plaintiffs and Respondents,

v.

WILLIAM D. McLAUGHLIN and
SONJA INDRELAND McLAUGHLIN,
husband and wife,

Defendants and Appellants.

**FILED**

SEP 07 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William D. McLaughlin and Sonja Indreland
McLaughlin, Pro Se, Wilsall, Montana

For Respondent:

Jeffrey N. Pence, Huppert & Swindlehurst, P.C.,
Livingston, Montana

Submitted on Briefs: August 17, 1995

Decided: September 7, 1995

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

William D. and Sonja Indreland McLaughlin appeal from a preliminary injunction issued by the Sixth Judicial District Court, Park County. We affirm.

The McLaughlins argue that: (1) the plaintiffs Bragg neither pled nor proved vested title to or prescriptive rights over the property, and the court consequently erred in ordering the McLaughlins to let trespassers in; (2) the status quo was wrongfully altered and the injunction order wrongly transferred property rights; (3) findings 5, 8, 10, and 12 and therefore conclusions A, C, D, and E are clearly erroneous; and (4) the court acted arbitrarily.

The parties own adjoining property in Park County, Montana. Charles S. ("Chuck") Bragg, Jr., and Patricia S. Bragg maintain that they have a reserved easement for access to their property across the land owned by the McLaughlins. The McLaughlins deny the existence of a reserved easement and have interfered with the Braggs' access to their land over the McLaughlin property.

The Braggs brought the underlying action in four counts: interference with easement, quiet title, slander of title, and interference with contract. At issue is the effect of the following "special provision," which appeared in the warranty deed by which the McLaughlins purchased their property:

> "Grantees agree to provide an access (roadway) easement
> for the benefit of the property being acquired by Chuck
> Bragg, his heirs and assigns, over the most direct route,
> reasonable and possible for access purposes, which
> easement shall not be more than fifteen (15) feet in
> width. Grantees may, at their option, designate Bragg's

2

said easement to coincide with the roadway to be constructed by the Grantees, when such roadway is completed."

The Braggs moved for a preliminary injunction during the pendency of their case. After a two-day hearing, the court granted the preliminary injunction, restraining the McLaughlins from interfering with the Braggs' right of access to their property.

The District Court determined that the Braggs were entitled to injunctive relief under § 27-19-201(1) and (2), MCA. Those subsections provide that a preliminary injunction **may** be granted:

(1) when it shall appear that the applicant is entitled to the relief demanded and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
(2) when it shall appear that the commission or continuance of **some** act during the litigation would produce a great or irreparable injury to the applicant.

Our overall standard of review is that this Court will not disturb a district court's grant of a preliminary injunction except in cases of manifest abuse of discretion. Porter v. K & S Partnership (1981), 192 Mont. 175, 181, 627 P.2d 836, 839.

The District Court did not determine, and we do not determine, the matters alleged in the McLaughlins' first and second arguments. By its terms, the preliminary injunction will be in effect only until the underlying action is resolved **on its merits.** The injunction does not by its terms transfer any property rights. A preliminary injunction does not require proof or determination of the final merits of the case. See Porter, 627 P.2d at 840.

This Court will reverse findings of fact when substantial evidence does not support the findings, when the district court has

misapprehended the effect of the evidence, or when a review of the record leaves us with the definite and **firm** conviction that a mistake has been committed. Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. The findings challenged by the McLaughlins are:

5. The particular terminology of the special provision was at the request of defendant Sonja McLaughlin, an attorney purportedly licensed to practice in the State of Washington. Ms. McLaughlin testified that the language of the special provision was taken verbatim from the Buy-Sell Agreement between Clarks and McLaughlins for the purchase of the subject property, which Buy-Sell Agreement preceded the deeds to both plaintiffs and defendants. Mr. Clark testified that it was his intention to reserve an easement for access to Tract C-2 by this special provision when he conveyed the subject property to McLaughlins, and that McLaughlins were aware of his intentions. Consequently, defendants had notice of the provision.

8. The roadway described above abuts an access road which traverses property currently owned by Leland E. Cook, situated in section 18, township 3 north, range 10 east, P.M.M., Park County, Montana. This road across the Cook property provides access to a county road via a 60-foot road easement reserved on certificate of survey No. 173 for all of the S½ of section 17, township 3 north, range 10 east, P.M.M., Park County, Montana.

10. Defendants have refused access over the established road across their property to Braggs to Tract C-2, and placed locks on the gates across the access road without providing keys to plaintiffs. Defendants have also placed vehicles in the roadway, effectively blocking access over the road. In addition, defendants have represented to agents of sales associates of ERA Paradise Properties of Livingston that no access exists for Tract c-2. Plaintiffs have a current listing agreement with ERA Paradise Properties of Livingston for the sale of Tract C-2, and defendants have interfered with sale of Braggs' property by threatening and intimidating the real estate agents.

12. The court finds the testimony of plaintiffs and their witnesses more credible than that of defendants and that Braggs are more likely to prevail at a trial on the merits of the action.

4

The record contains substantial credible evidence to support each of the above findings. It does not appear that the court misapprehended the evidence nor are we left with a definite and firm conviction that a mistake has been committed. We therefore affirm the above findings of fact. Because the McLaughlins' arguments against the above-mentioned conclusions of law were based on their arguments that the above findings were erroneous, we need not address the conclusions further.

Finally, the McLaughlins' fourth claim, of arbitrariness, is based upon their opinion that the District Court was prejudiced against them. We have reviewed the record. Our review of the record does not support this claim.

No manifest abuse of discretion has been shown on the part of the District Court. The decision of that court is therefore affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

_____
Chief Justice

We concur:

_____
Karla M. Gray

_____

_____
William E. Hunt

_____
W. William Leaphart
Justices

September 7, 1995.

CERTIFICATE? OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William D. McLaughlin
Sonja Indreland McLaughlin
214 Horse Creek Road North
Wilsall, MT 59086

Jeffrey N. Pence
HUPPERT & SWINDLEHURST, P.C.
P.O. Box 523
Livingston, MT 59047

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy