No. 96-622

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF
KATHIE LYNN SLABODNIK,

Petitioner and Respondent,

and

GEORGE F. SLABODNIK, JR.,

Respondent and Appellant.
--------------------------------------------------------------------
ANGELA M. SLABODNIK, individually, and as
Trustee of the ANGELA M. SLABODNIK TRUST,

Plaintiff and Respondent,

v.

GEORGE F. SLABODNIK, a/k/a G. F. SLABODNIK,

Defendant and Appellant,

and

KATHIE LYNN SLABODNIK,

Intervenor and Respondent.

APPEAL FROM: District Court of the Twenty-First Judicial District, In and for the County of Ravalli, the Honorable Jeffrey H. Langton, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Douglas G. Skjelset and John H. Gilliam, Skjelset & Gilliam, P.L.L.P., Missoula, Montana

For Respondent:

P. Mars Scott and Robert Terrazas, Mulroney, Delaney & Scott, Missoula, Montana

Submitted on Briefs: April 17, 1997
Decided: June 11, 1997

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

George Slabodnik and Kathie Slabodnik were divorced in 1996. George appeals from the findings, conclusions, decree of dissolution, and award of attorney fees entered by the Twenty-First Judicial District Court, Ravalli County. We affirm.

George raises two issues on appeal:

1.      Did the District Court err in its distribution of the marital estate?

2.      Did the District Court abuse its discretion when it awarded attorney fees?

## BACKGROUND

George and Kathie were married in 1977. Two children were born of the marriage. In 1992, Kathie petitioned for dissolution of marriage in the Fourth Judicial District Court, Missoula County. Angela Slabodnik, George's mother, and the Angela Slabodnik Trust (the Trust) filed a complaint against George in the Twenty-First Judicial District Court, Ravalli County, seeking $346,680 for nonpayment of alleged loans. The collection action was consolidated with the dissolution, and on motion by Angela and the Trust, venue was changed from Missoula County to Ravalli County.

The District Court ordered George to pay Kathie $2000 per month in temporary

2

maintenance and child support. By the date of trial, George owed Kathie over $26,000 in unpaid temporary child support and maintenance. George claimed that he was unable to pay, but represented to the IRS, the Montana Department of Revenue, and financial institutions that he owned Garfield's Cafe, Inc., and was a shareholder of GEQ, Inc. Together, the two corporations were valued at approximately $500,000. George also represented to his bank that he had a personal net worth exceeding $750,000.

At trial, Kathie testified about the parties' marital debt. George claimed that he possessed documents evidencing additional marital credit card debt. However, the documents were never introduced at trial.

The District Court entered findings of fact setting forth Kathie's liabilities incurred during the marriage and the parties' net worth. The court concluded that the promissory notes between George and Angela which gave rise to the collection action were unenforceable and that Angela's intent was to make gifts to her son. The court also dissolved the marriage, awarded custody, ordered George to pay child support, distributed property and debts of the marital estate, and ordered George to pay Kathie's attorney fees. George appeals.

## DISCUSSION

1.    Did the District Court err in its distribution of the marital estate?

We review the findings underlying a district court's division of marital property to determine if the findings are clearly erroneous. In re Marriage of Stufft (1996), 276 Mont.

3

454, 459, 916 P.2d 767, 770. We determine a finding is clearly erroneous by using the three-part test set forth in Interstate Production Credit Association v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. The DeSaye test requires a review of the record to determine whether the findings are supported by substantial evidence; to determine whether the district court misapprehended the evidence; and to determine whether a review of the record leaves this Court with a firm conviction that a mistake has been made. Stufft, 916 P.2d at 770.

George argues that the District Court incorrectly determined the parties' net worth because it failed to make any findings concerning their credit card debts. The record does not support George's claim. The documents admitted into evidence at trial as Petitioner's Exhibits 28 and 29, and noted in the District Court's findings of fact, demonstrate that the court received and considered Kathie's outstanding credit card balances when it calculated the parties' net worth, set forth in finding of fact 38.

The record also indicates that George did not present credible evidence of marital credit card debt. In 1994, when George applied for a loan at Farmers State Bank in Victor, Montana, he completed and signed a loan application describing his net worth. The application states "unknown" on the lines where George was asked to list his liabilities, including credit card obligations. Nor did George advise his bank about any changes in his financial situation between 1994 and trial, despite language in the application which provided, "The undersigned also agrees to notify the lender immediately in writing of any significant adverse change in said financial condition." George also filled out a Montana

4

Child Support Guidelines Financial Affidavit in which he did not list any credit card debts.

We conclude that based on the record, the District Court considered the parties' credit card debts and did not err when it calculated their net worth. There is sufficient evidence to support the court's calculation of the parties' credit card debts and that evidence has not been misapprehended; nor do we have any conviction that a mistake has been made. We hold that the District Court's findings regarding the parties' net worth are not clearly erroneous, and the court did not err in its distribution of the marital estate.

2. Did the District Court abuse its discretion when it awarded attorney fees?

George argues that the District Court erred when it awarded Kathie her attorney fees because the court did not determine the parties' joint credit card debt and therefore could not properly consider the parties' financial resources.

As we held above, the District Court's findings regarding the parties' net worth are not clearly erroneous. We conclude that the court properly considered the parties' financial resources and did not abuse its discretion when it awarded Kathie her attorney fees.

Affirmed, with the parties responsible for their own costs and attorney fees on appeal.

Chief Justice

5

We concur:

_Karla M. Gray_

_William E. Hunt_

_Jim Rieavily_

_W. William Leaphart_
Justices

6