No. 98-471

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 316

ROSSLYN INGMAN DUNCAN, GARY INGMAN

and RODNEY INGMAN,

Plaintiffs and Respondent,

v.

R. and D. ALLEN, MR. and MRS. H. ANDERSON,

et al.,

Defendants,

and

MARK SAFRONOFF,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

Honorable Frank M. Davis, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

William G. Sternhagen, Sternhagen Law Firm, Helena, Montana

Havre, Montana

For Respondent:

C. W. Leaphart, Jr., Leaphart Law Firm, Helena, Montana

No

Submitted on Briefs: December 3, 1998

Decided: December 23, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Mark Safronoff appeals from the judgment of the Fifth Judicial District Court, Jefferson County, quieting title to certain mining properties previously held by Sun Mining, Inc., and allocating the ownership of those properties as between various former shareholders of the corporation. We affirm.**

**¶2. The question before us is whether the District Court erred in determining the total number of outstanding shares of Sun Mining, Inc., and the relative number of shares owned by each of the plaintiffs.**

**¶3. This lawsuit was commenced as an action to quiet title to certain patented and unpatented mining claims formerly held by Sun Mining, Inc. Sun Mining was involuntarily dissolved by the State of Montana in 1979, and as of the time of this lawsuit, there were no surviving directors of that corporation. Each of the plaintiffs and defendants in this lawsuit were known to have held shares in Sun Mining, Inc., at one time. However, several of the originally named defendants failed to make an appearance in this action, and default judgments were accordingly entered against those parties. By the time this matter came on for trial, the remaining defendants in the action included Mrs. Albert Diehl, Mr. Don Allen, the Estate of George**

McGaffick, Mrs. Gerald Quitney, and Mr. Mark Safronoff.

¶4. On January 16, 1998, a bench trial was held before the Fifth Judicial District Court, Jefferson County, to determine how much existing stock there was in Sun Mining, Inc., and to determine how much of the total stock each owner held, in order to calculate the percentage of the corporation's remaining mining assets belonging to each of the residual stock owners. In its Findings of Fact and Conclusions of Law, the District Court found that there was a total of 1,827,170 shares of Sun Mining, Inc., outstanding as of the time of trial. Of these, the District Court determined that 483,500 shares were held by each of the individual plaintiffs; 192,000 shares were held by Mr. Safronoff; 171,000 shares were held by Mrs. Diehl; 1000 shares were held by Mr. Allen; 6420 shares were held by the Estate of George McGaffick; and 6250 shares were held by Mrs. Quitney. Furthermore, the District Court held that each of these parties was an owner in fee simple of a percentage of the mining assets of Sun Mining, Inc., according to his or her relative equity ownership in Sun Mining, Inc.

¶5. Did the District Court err in determining the total number of outstanding shares of Sun Mining, Inc., and the number of shares owned by each of the plaintiffs?

¶6. This Court reviews the findings of a trial court to determine whether those findings are clearly erroneous, giving due regard for the opportunity of the trial court to weigh the credibility of the witnesses before it. Rule 52(a), M.R.Civ.P. Factual findings by the trial court are clearly erroneous where they are not supported by substantial evidence, the court has misapprehended the effect of the evidence before it, or our review of the record convinces us that a mistake has been committed. *Interstate Prod. Credit Ass'n v. De Saye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

¶7. Mr. Safronoff contends that the District Court was correct in finding that the "only credible evidence" of stock holdings for Sun Mining, Inc., was a list of shareholders and their holdings prepared in 1980 by the corporation's then secretary/treasurer, and that the court correctly relied upon that document in calculating the number of shares belonging to Mr. Safronoff. However, he contends, the court erred in not relying on that same document in calculating the total number of outstanding shares or the number of shares held by each of the individual plaintiffs. In particular, Mr. Safronoff argues that the District Court's calculations should not have included

the 483,500 shares represented on the face of each of the plaintiff's original stock certificates, because those certificates pre-dated the 1980 shareholder list and were therefore not reliable evidence of the actual holdings of the plaintiffs in Sun Mining, Inc.

¶8. Our review of the record demonstrates Mr. Safronoff's contentions to be without merit. In calculating the total number of outstanding shares in Sun Mining, Inc., the District Court properly considered all of the evidence before it, which included the 1980 stockholder list prepared by the only surviving officer/director at the time, the copies of the plaintiffs' stock certificates, and the testimony of several witnesses regarding the accuracy of the 1980 stockholder list in cataloging the holdings of each of the equity owners of Sun Mining, Inc. All of this evidence was also properly considered in determining the number of shares to be allocated to each of the plaintiffs.

¶9. The District Court relied exclusively on the stockholder list in determining the number of shares belonging to Mr. Safronoff, because it found this list to be the "only credible evidence" of any stock ownership in Mr. Safronoff. All of the interest owned by Mr. Safronoff in Sun Mining, Inc., was purchased via quit claim deed executed by the shares' former owner, Wendy Deschon. However, neither Ms. Deschon nor Mr. Safronoff were able to produce any stock certificates evidencing precisely what interest had been transferred from Ms. Deschon to Mr. Safronoff in the course of that sale. Ms. Deschon testified that she at one time had been in possession of several large share certificates totaling over 1.5 million shares in Sun Mining, Inc., but that these certificates were destroyed in a house fire in 1994. The District Court, however, did not find this testimony credible.

¶10. Therefore, for purposes of calculating Mr. Safronoff's shares, the District Court relied upon the figures in the shareholder list. Contrary to Mr. Safronoff's assertions, the District Court did not deem the 1980 shareholder list the "only credible evidence" of all the shareholders' holdings, but rather, the "only credible evidence" of Mr. Safronoff's equity interests. The District Court was not, however, bound by its findings with regard to the fact of Mr. Safronoff's holdings in determining the total number of outstanding shares nor the number of shares to be allocated to each plaintiff.

¶11. The number of the plaintiffs' shares was documented on the face of the original

share certificates which were introduced into evidence at trial. The number of shares documented on the certificates did not coincide with the information contained in the 1980 shareholder list; however, the testimony of several witnesses indicated that the 1980 shareholder list was not wholly accurate in documenting the number of shares held by each shareholder of Sun Mining, Inc. Where there is conflicting evidence presented at the trial level, it is within the province of the trier of fact to weigh the evidence based on the credibility of the witnesses and determine which shall prevail. *State v. Bower* (1992), 254 Mont. 1, 8, 833 P.2d 1106, 1111. The District Court was not required to rely exclusively upon the data contained in the 1980 shareholder list when the information contained therein conflicted with evidence which the District Court deemed ultimately more reliable.

¶12. We hold that the District Court reasonably relied upon the information contained in the share certificates in calculating the total number of outstanding shares and the number of shares belonging to the plaintiffs. We further hold that the District Court's findings of fact were not clearly erroneous, and we affirm the judgment of the District Court quieting title to the mining properties of Sun Mining, Inc., in the shareholders of the corporation according to the percentages set forth in the judgment.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON