No. 98-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 243N

NANCY L. MILES,

Petitioner and Respondent,

v.

CHARLES D. BLUE,

Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

Laurence J. Ginnings, Missoula, Montana

**For Respondent:**

Paulette Ferguson, Missoula, Montana

Submitted on Briefs: February 4, 1999

Decided: October 14, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2.Appellant Charles D. Blue appeals from the Findings of Fact, Conclusions of Law and Final Judgment of the Fourth Judicial District Court, Missoula County, dividing property between Appellant and Respondent, Nancy L. Miles and assessing Appellant attorney's fees and costs. We affirm in part and reverse in part.**

**¶3.Appellant raises ten issues and argues eight of them on appeal. Appellant asks this Court to reverse the District Court on the grounds that its Findings of Fact are not supported by substantial evidence, and its Conclusions of Law are incorrect.**

**¶4.We restate the issues as follows:**

I. Was there substantial evidence to support the District Court's Findings of Fact?

II. Did the District Court err in assessing Appellant attorney's fees and excess costs?

III. Did the District Court err in making the existing temporary order of protection between the parties permanent?

## FACTUAL AND PROCEDURAL HISTORY

**¶5.Appellant and Respondent carried on a relationship over a period of approximately three years. At the beginning of the relationship, Appellant lived on ranch property located on Harper's Bridge Road in Missoula, Montana, where he had lived for approximately 25 years. Appellant also conducted ranching operations and operated two businesses on the property.**

¶6.Appellant receives social security benefits as a result of a broken leg in 1993 which eventually led to the amputation of his foot in 1997. The medical bills arising out of Appellant's medical condition resulted in his incurring a large amount of debt.

¶7.During the parties' relationship, Appellant transferred the title of two mobile home trailers, a 1972 Ford pickup which had been converted into a welding truck, a 1976 horse trailer, a 1979 Chevrolet van, a 1978 Hammond boat and 1978 boat trailer to Respondent. Appellant owned all items transferred to Respondent prior to their relationship. Title to the ranch property where Appellant has lived is held by his brother, son, and daughter.

¶8.For a period of approximately a year-and-a-half near the beginning of their relationship, Respondent and Appellant lived together in a house in Missoula owned by Respondent. They later decided to purchase a triple-wide Marlette trailer in order to live on the ranch property. Because Appellant's credit was poor, Respondent purchased the Marlette trailer on an installment contract financed by Green Tree Financial Services Corporation (Green Tree). Appellant traded in his 1976 Broadmore trailer as a $10,000 down payment and Respondent paid a $1,000 cash down payment on the new Marlette trailer. Respondent held the title solely in her name and was the sole obligee on the Green Tree contract.

¶9.Appellant made two payments and Respondent made six payments on the Marlette trailer. Green Tree then repossessed the Marlette trailer due to nonpayment.

¶10.The District Court awarded Respondent ownership of the two rental mobile homes, the 1972 Ford pickup and welding equipment, the 1979 Chevrolet van, the 1978 boat and boat trailer, the horse trailer, and four horses. The District Court ordered Appellant to pay Respondent a total rent payment he has collected since May 19, 1997, and to pay Respondent's reasonable attorney's fees, excess costs, and expenses incurred as a result of his vexatious actions in this matter.

## STANDARD OF REVIEW

¶11.We review a district court's findings of fact to determine whether they are clearly erroneous. *State v. Wooster*, 1999 MT 22, ¶ 2, 293 Mont. 195, ¶ 2, 974 P.2d 640, ¶ 2 (citing *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 323, 820

P.2d 1285, 1287). We review a district court's conclusions of law to determine whether the interpretation is correct. *Cenex Pipeline L.L.C. v. Fly Creek Angus, Inc.*, 1998 MT 334, ¶ 22 , 292 Mont. 300, ¶ 22, 971 P.2d 781, ¶ 22 (citing *Carbon County v. Union Reserve Coal Co*. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686).

## DISCUSSION

¶12.The bases of Appellant's arguments in this appeal are essentially the same; that the District Court failed to make findings which adequately address the factual disputes in this case and that the District Court's Conclusions of Law are not supported by the record.

¶13.This Court has adopted a three-part test to determine whether a district court's finding of fact is clearly erroneous. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if, after reviewing the record, this Court is left with a definite and firm conviction that a mistake has been made." *Matter of Estate of Hunsaker,* 1998 Mont. 279, ¶ 26, 291 Mont. 412, ¶ 26, 968 P.2d 281, ¶ 26 (citing *DeSaye*, 250 Mont. at 323, 820 P.2d at 1287).

I. Is there substantial evidence to support the District Court's Findings of Fact?

¶14.The District Court found that Appellant had gifted certain property to Respondent and therefore she should now be allowed to retain ownership of it. The Court based its finding on the following facts; 1) Appellant transferred his property to Respondent with no evidence other than his testimony which indicated Respondent would return it. Respondent paid to have the titles transferred into her name and testified that there was no agreement that she would return the property; 2) although Appellant testified that he had given certain horses to a third party in order to secure a debt, the District Court found that such testimony was not credible and that Appellant had instead gifted the horses to Respondent and her children.

¶15.When determining whether substantial evidence exists, this Court views the evidence in the light most favorable to the prevailing party. *Rocky Mtn. v. Pierce Flooring* (1997), 286 Mont 282, 295, 951 P.2d 1326, 1334.

¶16.Appellant argues the parties agreed Respondent would transfer the property

back to him upon his request. Respondent claims there was no such agreement. It is the duty of the trial judge to resolve conflicting evidence and his findings will not be disturbed on appeal where they are based on substantial though conflicting evidence, unless there is a clear preponderance of evidence against such findings. *See Perusich v. Meier* (1987), 229 Mont. 458, 462, 747 P.2d 857, 859.

¶17.Upon reviewing the record and transcript, we are convinced that the District Court carefully considered the evidence before it in order to come to its decision in a factually complex case. We conclude that the facts above provide substantial evidence to support the District Court's finding that Appellant gifted his titled property to Respondent. Appellant, who attempted to avoid his creditors by transferring title of his property to Respondent, without any written agreement of its return, may not now lay claim to the gifted property.

¶18.In addition to its findings that Appellant had gifted Respondent the titled property, the Court found that Respondent should be allowed to keep certain horses Appellant had gifted to her. Appellant argues the Court's finding was clearly erroneous, particularly regarding a certain horse, "Britches." Respondent stated in her Response to Motion for Temporary Restraining Order that she had removed three horses from the ranch property. At that time, she made no mention of the horse, "Britches." In was not until trial that her daughter, Brandy, testified "Britches" was given to her by Appellant. We conclude that the District Court's finding that allows Appellant to keep the horse known as "Britches", is not supported by substantial evidence and is therefore clearly erroneous. We reverse the District Court to the extent it awarded Respondent possession of the horse, "Britches."

¶19.The District Court's Judgment awarded Respondent ownership of "all real and personal property currently in her possession." At trial, Appellant introduced a list of his personal property which was missing from the ranch property. This property included a television and entertainment center, which he testified that he had bought with cash. The District Court made no finding that Appellant's testimony on this particular issue was not credible. When questioned on the issue of Appellant's personal property, Respondent testified that she was willing to return any of Appellant's personal property in her possession. Despite this evidence that Respondent retained possession of some of Appellant's personal property, the District Court failed to make any findings of fact on this issue.

¶20.In light of Appellant's uncontroverted testimony regarding his ownership of the television and entertainment center together with Respondent's testimony that she was willing to return any of Respondent's personal property in her possession, the District Court's order granting Respondent "all... personal property currently in her possession", was an abuse of discretion. We reverse the District Court's award of the entertainment center and 27" Sharp television set to Respondent, based on Appellant's uncontroverted testimony that they belong to him.

¶21.In addition to dividing property between Appellant and Respondent, the District Court found that Appellant should make payments on the Green Tree contract and pay Respondent the money he had obtained from the rental of the two trailers. The Court based its finding on Appellant's taking money from the rental of the two trailers for his personal use, even though he had previously gifted the trailers to Respondent, and despite the District Court's order to use the money to pay on the Green Tree contract. The Court additionally found that Appellant's refusal to make payments on the Green Tree contract resulted in the Marlette trailer being repossessed.

¶22.Appellant argues that because he was not listed as an obligee on the contract, he should not be required to make payments to Green Tree. The Court based its finding that Appellant should make payments on the contract upon the testimony of the parties. Respondent testified that Appellant had promised to contribute the income from the rental trailers for payments on the Marlette Trailer because she could not afford to make the payments on her home in Missoula and on the Marlette trailer simultaneously. Appellant admitted he had collected money from the rental trailers, but had not applied the money to the Green Tree contract. Appellant also testified that he was unaware the District Court had previously ordered him to make payments on the contract.

¶23.The District Court found that Appellant's testimony regarding his lack of knowledge of the Court's order that he make payments on the Green Tree contract was not credible given the clarity and the frequency of the Court's direction to him. "The credibility and weight of witnesses is not for this Court to determine. This is a primary function of a trial judge sitting without a jury; it is of special consequence where the evidence is conflicting." *Cameron v. Cameron* (1978), 179 Mont. 219, 227, 587 P.2d 939, 944. *See Guardianship of Mowrer*, 1999 MT 73, 979 P.2d 156, 56 St.Rep. 300.

¶24.Upon review of the record, we conclude that the District Court's findings that Appellant should pay on the Green Tree contract and pay Respondent back rental money he has received on the two trailers are supported by substantial evidence.

II. Did the District Court err in awarding Respondent her reasonable attorney's fees, excess costs, and expenses incurred as a result of Appellant's actions?

¶25.The District Court found that many of Appellant's actions were "calculated to multiply the proceedings in this case unreasonably and vexatiously." Although the District Court's order does not indicate the statutory basis for its decision, we conclude that the Court awarded Respondent her reasonable attorney's fees, excess costs, and expenses pursuant to § 37-61-421, MCA. The statute provides that "[a]n attorney or party to any court proceeding who, *in the determination of the court*, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." Section 37-61-421, MCA (emphasis added).

¶26.The District Court based its conclusion that Appellant should pay Respondent's attorney's fees, excess costs and expenses on the following facts; 1) Appellant's failure to comply with the Court's order that he pay on the Green Tree contract; 2) Appellant's failure to follow the Court's order that he not live in the Marlette trailer; and 3) Appellant's failure to obey the Court's order that he pay to Respondent's attorney the sum of $504.04 prior to his moving into the Marlette trailer in December, 1997. Appellant argues the District Court erred in awarding Respondent her attorney's fees and claims the record is sufficient to show the District Court's award of attorney's fees under § 37-61-421, MCA, is completely inappropriate.

¶27.We have upheld a trial court's award of attorney's fees and costs when a party disregarded a court's order and his conduct was unreasonable and vexatious. *In re Marriage of Rager* (1994), 263 Mont. 361, 366, 868 P.2d 625, 628. In *Rager*, a dissolution action, the court scheduled the trial date several months in advance. After the court denied the husband's motion to continue the trial date, the husband failed to appear at the time scheduled for trial. He also failed to provide the court and opposing party with discovery responses. While the court's findings and conclusions did not indicate the basis for awarding attorney's fees, we concluded there that it could have relied on § 37-61-421, MCA, to support its award due to the husband's

conduct which multiplied the litigation in that case. *Rager,* 263 Mont. at 366, 828 P.2d at 628.

¶28.This Court's function is not to substitute its judgment for the trier of fact. *See Cenex Pipeline,* ¶ 31, *DeSaye,* 250 Mont. at 324, 820 P.2d at 1287. The language of § 37-61-421, MCA, clearly leaves the awarding of attorney's fees and excess costs to the district court's discretion. Appellant's failure to follow the Court's orders has prolonged the outcome and raised the cost of this action while increasing Respondent's debt. The District Court's Order comes as close as possible to making the Respondent whole after she has refinanced her home and incurred a large amount of debt based on Appellant's assurance that he would aid her in making the payments on the Green Tree contract. Given the foregoing, we cannot conclude that the District Court abused its discretion in ordering Appellant to pay Respondent's reasonable attorney's fees, excess costs and expenses incurred as a result of Appellant's unreasonable and vexatious actions in this matter between these parties.

¶29.However, the District Court failed to make any findings of fact to support its conclusion of law awarding Respondent "additional costs which may be incurred in her case against Lever Brothers." Although it is unclear from the record, it appears the Lever Brothers suit is a personal injury action currently pending for an injury received by Respondent at her workplace. The transcript does not show what, if any, connection the Lever Brothers suit has to the instant proceeding between the parties. As a result, the District Court's award to Respondent of additional costs in her case against Lever Brothers was an abuse of discretion. We reverse the District Court's award on this issue.

III. Did the District Court err in making the existing temporary order of protection between the parties permanent?

¶30.In its Conclusions of Law, the District Court found there was a preponderance of the evidence to make permanent an existing temporary order of protection, which arose from Appellant's physical attack on Respondent and her 13-year old son. We review the District Court's conclusions of law to determine whether the interpretation is correct. *Cenex Pipeline* ¶ 22. Section 40-15-204, MCA, provides;

> [t]he court may, on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing, determine that to

avoid further injury or harm, the petitioner needs permanent protection. The court may order that the order of protection remain in effect permanently.

Section 40-15-204, MCA.

¶31.As Appellant states in his brief;

there is no question that the parties to this lawsuit went through a tumultuous separation. Likewise, there is no question that on May 19, 1997, the parties were involved in a domestic incident that involved an inappropriate level of violence.

**¶32.Appellant argues the District Court failed to make any specific findings about any future danger posed by Appellant to Respondent, but rather "simply found that Appellant had assaulted Respondent and her son on May 19, 1997." The decision to make permanent the temporary order of protection is for the District Court to determine and we will not overturn it absent an abuse of discretion. Appellant raises no evidence showing the District Court's decision is such an abuse.**

**¶33.In light of the foregoing, we hold that with the exception of the horse known as "Britches," the television and entertainment center, and the award of excess costs to Respondent in her action against Lever Brothers, the District Court's Findings of Fact are not clearly erroneous and its Conclusions of Law are correct. The remainder of the District Court's award was within its discretion in granting relief to Respondent.**

**¶34The remainder of the issues Appellant raises relate to whether the District Court's Findings of Fact are supported by substantial evidence and whether the District Court's Conclusions of Law are correct. Consistent with our above holding, we need not address piecemeal each issue Appellant raises on appeal.**

**¶35.Affirmed in part and reversed in part.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

No

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY