No. 00-548

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 80N

IN RE THE MARRIAGE OF

YVONNE E. HALL,

Petitioner and Appellant,

and

LYNN D. HALL,

Respondent and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Erika L. Johnson, Bruce McEvoy; Warden, Christiansen, Johnson

& Berg, Kalispell, Montana

For Respondent:

Penni L. Chisholm; Kaplan & Chisholm, Columbia Falls, Montana

Submitted on Briefs: January 18, 2001

Decided: May 3, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Yvonne E. Hall (Yvonne) appeals from the order of the Eleventh Judicial District Court, Flathead County, adopting and modifying the Special Master's findings of fact, conclusions of law, and recommendation in this dissolution of marriage action. We affirm.

¶3 The issue is whether the District Court erred in modifying the Special Master's Findings No. 15 and No. 16 to exclude $27,000 of credit card debt from the marital estate and eliminate a resulting $10,674.50 cash equalization payment from Lynn D. Hall (Lynn) to Yvonne.

¶4 The first and dispositive point of contention is the proper standard for a district court's review of a special master's findings of fact. Yvonne asserts the District Court did not accord proper deference to the Special Master. She further asserts that so long as substantial evidence exists to support a special master's findings, they should not be disturbed. Yvonne is incorrect.

¶5 Rule 53, M.R.Civ.P., provides for the use of special masters by district courts. As to a district court's review of a special master's findings, conclusions and report in a nonjury trial, Rule 53(e)(2), M.R.Civ.P., provides:

> In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other

parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

¶6 Review of findings to determine whether they are clearly erroneous involves more than just a determination of whether the findings are supported by substantial evidence. In a review under the clearly erroneous standard, findings which are supported by substantial evidence may still be rejected if the reviewing court determines the finder of fact has misapprehended the effect of evidence or is left with "the definite and firm conviction that a mistake has been committed." *Interstate Production Credit Ass'n of Great Falls v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287 (citations omitted).

¶7 Here, Lynn filed objections to the Special Master's findings, conclusions and report and the District Court held a hearing on those objections. In modifying the Special Master's findings, the District Court found:

> [It] [i]s reasonable to divide the marital estate as set forth above, and same is not unconscionable, recognizing that [Yvonne] is further solely responsible for over $27,000.00 of credit card debt which has not been included in the marital estate. Although said debt is marital debt, not only has [Yvonne] not made any attempt to pay but, through her counsel, has no ability to pay and will not be responsible for the debt. It would not be equitable or reasonable to include said debt as a liability and to further require [Lynn] to make a cash equalization payment as a result of the debt. Clearly, the debt will either be ignored or relieved through bankruptcy.

The District Court's statement, "[i]t would not be equitable or reasonable to include said debt as a liability and to further require [Lynn] to make a cash equalization payment," is equivalent to a statement that the court was left with a definite and firm conviction that a mistake had been committed. The court thus effectively determined the Special Master's findings to that effect were clearly erroneous. Moreover, Rule 53(e)(2), M.R.Civ.P., allows a district court, after holding a hearing on a special master's report, to "modify it or . . . reject it in whole or in part[.]" The District Court clearly had authority to modify the Special Master's findings as it did.

¶8 Yvonne does not argue the District Court's findings are unsupported by substantial evidence or otherwise clearly erroneous. We conclude the District Court did not err in

modifying the Special Master's Findings No. 15 and No. 16 to exclude $27,000 of credit card debt from the marital estate and eliminate a resulting $10,674.50 cash equalization payment from Lynn to Yvonne.

¶9 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER