No. 97-136

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA, DEPARTMENT OF
NATURAL RESOURCES AND CONSERVATION,

      Plaintiff and Appellant,

  v.

MONTANA POWER COMPANY,
a Montana corporation,

      Defendant and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
                 In and for the County of Lewis and Clark,
                 The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Richard E. Bach and Tommy H. Butler, Special Assistant
          Attorneys General; Montana Department of Natural Resources
          and Conservation; Helena, Montana

      For Respondent:

          Patrick T. Fleming and Michael V. Harrington;
          The Montana Power Company; Butte, Montana


                     Submitted on Briefs: July 2, 1997

                            Decided:   July 17, 1997

Filed:


_____
                    Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The State of Montana, Department of Natural Resources and Conservation, filed a complaint in the District Court for the First Judicial District in Lewis and Clark County in which it alleged that the defendant, Montana Power Company, negligently maintained one of its electrical power lines and that the State was damaged as a result. After a nonjury trial, the District Court found that Montana Power Company's negligence had not been proven. The DNRC appeals. We affirm the judgment of the District Court.

The sole issue presented on appeal is:

Did the District Court err when it found that Montana Power Company's negligence had not been proven by a preponderance of the evidence?

### FACTUAL BACKGROUND

On August 19, 1992, a windstorm with gusts of up to fifty-eight miles per hour caused a branch from a live cottonwood tree in the Spokane Creek area east of Helena to break and fall onto a power line owned by Montana Power Company. A wildfire resulted when the ungrounded wire fell onto the brush beneath the line. A number of fire departments responded to the call under the direction of the Department of State Lands, which had state responsibility for fire suppression. (The Department of State Lands was eliminated in 1995 and its duties were transferred to the DNRC). The fire was suppressed by early the next morning, but at substantial expense to the State.

The DNRC filed a complaint in the First Judicial District Court and alleged that MPC's negligence caused the fire. It maintained that MPC was liable for the costs of the fire, based on theories of common law negligence and negligence per se, for violating the National Electrical Safety Code (NESC). Following a nonjury trial, the District Court found that the DNRC had failed to prove by a preponderance of the evidence that MPC breached any common law or statutory duty.

### DISCUSSION

Did the District Court err when it found that Montana Power Company's negligence had not been proven by a preponderance of the evidence?

Initially, we note that the DNRC's characterization of the issues on appeal is different than set forth above. The DNRC has stated the issues on appeal as follows:

A. Under the facts presented, was it error for the trial court to conclude that, absent expert testimony, it could not rule the defendant breached its common law duty for failing to trim or remove a tree which subsequently fell across its line and started a wildfire?

B. Under the facts presented, was it error for the trial court to conclude that, absent expert testimony, it could not rule the defendant breached its statutory duty for failing to trim or remove a tree which subsequently fell across its line and started a wildfire?

However, the District Court did not hold that expert testimony was necessary in order to prove the DNRC's claims. It indicated that such testimony would have been helpful, but that insufficient evidence of any kind had been offered to prove either common law negligence or negligence per se for violation of the NESC. The court's actual language in that regard is as follows:

There is no evidence in the record that would indicate to the Court whether or not this particular tree should have been trimmed.  The Court is left with the task of leaping to the conclusion that this particular cottonwood tree should have been trimmed pursuant to the provisions of the aforementioned provision of the National Electrical Safety Code.  This Court concludes that it cannot make that jump without some expert testimony or other evidence indicating that this particular tree should have been trimmed.

. . . While this Court certainly concludes that the power company has a heightened duty to maintain its lines and to trim dangerous trees, the Court is left, again, without any guidance as to the power company's duty in relation to this particular tree.  An expert witness in this regard would have been most helpful.  Without such testimony, the Court does not feel that it can rule that Defendant is liable either under a common law or per se definition of negligence in failing to trim this particular tree.

The Court concludes that although Plaintiff's attorneys have done a yeoman-like job of mustering their case, they have not proven by a preponderance of evidence that Defendant breached any common law or statutory duty that it may have owed to plaintiff.

(Emphasis added.) The DNRC does not argue on appeal that the District Court misstated the standard of care applicable to MPC pursuant to either the common law or the NESC.
The District Court concluded that paragraph 218 of the NESC required that MPC trim and remove trees which may interfere with ungrounded supply conductors, and that failure to follow the requirements of the Code is negligent per se.  The court also concluded that MPC had a heightened common law duty commensurate with the risks involved to maintain its lines.  The DNRC agrees with both of these standards.
Therefore, we conclude that the essence of the DNRC's argument on appeal is whether the District Court's finding that it has failed to prove MPC's negligence is clearly erroneous.
The standard of review of a district court's findings of fact is whether they are
clearly erroneous.  Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906 (citing Columbia Grain Int'l v. Cereck (1993), 258 Mont. 414, 417, 852 P.2d 676, 678).
To decide whether findings are clearly erroneous, we consider (1) whether they are supported by substantial evidence; (2) whether the trial court misapprehended the effect of the evidence; and (3) whether based on our review of the record we are left with
a firm conviction that a mistake has been committed.  Interstate Prod. Credit Ass'n v.
DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.
The DNRC contends that the District Court erred when it found that it had not proven MPC's negligence based on testimony from Bill Heal, MPC's Helena Division Foreman, and Beatrice Gray, one of the occupants of the land on which the power line was located. Heal testified that cottonwood trees are treacherous because of their brittle
nature and that he would like to see them trimmed as far back as two hundred feet from
power lines.  The tree in question was only fifteen feet from the power line on

which it fell.  Beatrice Gray testified that her mother may have asked that this tree be trimmed sometime prior to the fire to avoid the hazard that it ultimately presented.

Finally, the DNRC cites evidence that winds of fifty-eight miles per hour or greater were not uncommon in the area where the fire occurred, and that MPC's inspection of the area was not as frequent as was required by its own informal guidelines.

However, when we review the record of a trial court to determine whether its findings are supported by substantial evidence, we review to determine whether there is evidence to support the decision of the court, not whether evidence was presented which might have supported contrary findings.  Buckentin v. State Fund (1994), 265 Mont. 518, 520, 878 P.2d 262, 263.

After reviewing the record in this case, we conclude that the following evidence supported the District Court's findings and conclusions that MPC's negligence had not been proven by a preponderance of the evidence.

Nathan Gray, another occupant of the land on which the power line was located, testified that the tree from which the branch fell onto MPC's power line was a living tree with no indication of decay, that the tree was in good condition, and that the branch was located three to four feet from MPC's line and appeared to be solid.  He indicated that prior to the day of the fire he had no reason to believe that the tree or its branches posed a threat to the power line.  He also stated that, in his opinion, the cause of the break was an unusual swirling wind with a downward thrust.  Beatrice Gray also testified that she had no reason to believe ahead of time that the branch on the cottonwood tree near MPC's line would break.

Bill Heal, as noted, was MPC's electric foreman in the Helena Division.  He had served in that capacity for the previous fourteen years and had thirty-seven years of combined experience in the industry.  He testified that during 1990, 1991, and 1992 he performed between nine to twelve inspections of the area in question for the purpose of determining whether trees at that location presented a hazard to MPC's lines.  However, it was his opinion, based on his inspection prior to the fire, that the tree in question did not pose a hazard.

There was no contrary evidence presented regarding the condition of the tree in question prior to the break which downed MPC's power line.

Although we agree with the contention of the DNRC that expert opinion testimony was not required to prove its allegations, we also conclude that there was substantial evidence to support the District Court's findings and conclusions that MPC's negligence

(based on either its common law duty or its statutory obligation) has not been proven, and that the District Court's findings are not otherwise clearly erroneous.

For these reasons, the judgment of the District Court is affirmed.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   J. A.   TURNAGE
/S/   JIM REGNIER
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART