No. 00-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 388

304 Mont. 43

16 P. 3d 389

WILLIAM D. FOLEY,

Plaintiff and Appellant,

v.

JOHN ARVIDSON and DOLORES FOLEY,

Defendants and Respondents.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Phillip J. O'Connell, Attorney at Law, Missoula, Montana

For Respondents:

Kyle Cunningham; Cunningham Law Offices, Missoula, Montana

Submitted on Briefs: August 10, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant (Bill) brought an action to quiet title to ranch property in Ravalli County claiming that he had acquired title from his cotenants by adverse possession. After a trial to the bench, the District Court ordered judgment in favor of respondents. Bill appeals, alleging errors in the District Court's Findings of Fact and Conclusions of Law. We affirm.

¶2 John M. Foley purchased the Foley Ranch, the subject of this quiet title action, in 1909 and 1928. He and his wife, raised nine children on the ranch; two boys, John and Bill, and seven girls, Nellie, Caroline, Elizabeth, Ella, Harriet, Mildred and Marion. Bill asserts that he has acquired title to the whole of the Foley Ranch through adverse possession of fractional interests acquired by two of his siblings in the distribution of his father's estate.

¶3 Bill's father died intestate in 1962. His estate was not settled until 1971 but in 1968, Bill's sisters Harriet, Elizabeth and Ella conveyed any interest they had in the Foley Ranch to their mother. She, in turn, conveyed her interest to Bill, subject to a life estate. When the estate was finally settled, title to the ranch was distributed to Bill and his siblings as follows: Bill, 13/21st, subject to the life estate of his mother; John, 2/21st; Mildred, 2/21st; and Marion, 2/21st. Mildred quitclaimed her interest to Bill in 1993. Marion and John's 2/21st interests have been devised to their surviving spouses; the defendants in this action.

¶4 Bill has continuously worked the Foley Ranch since 1947, raising hay and cattle. He paid all taxes on the property and built two homes, a garage, hay sheds, barns and irrigation works, as well as fences that surround the property. None of the surviving siblings has ever claimed any interest in the profits of the ranch and Bill has never offered to share those profits with them. At no time has Bill ever sought Marion, John or Mildred's permission to build any structure on the ranch or use the ranch property other than as he wished. Rather, he has always acted as if the Foley Ranch were his alone to operate as he pleased. This has been in accord with the professed interest of the surviving siblings who have always wanted Bill to operate the ranch as he saw fit, provided that the property not

be mortgaged or sold.

¶5 In 1996, Bill and his wife divorced. Pursuant to the decree of dissolution, the court ordered the sale of the Foley Ranch to satisfy the settlement agreement. Title problems frustrated the sale and prompted the quiet title action which is the subject of this appeal. Following a bench trial the District Court concluded as a matter of law that Bill was a tenant in common with Delores Foley and John Arvidson and that one cotenant could not gain title to another's interest by adverse possession. The District Court also found as a matter of fact that Bill's use of his cotenants' interests had been permissive. Bill now contends that these and related findings of fact and conclusions of law were in error.

¶6 Issue 1: Did the District Court err in its findings of fact?

¶7 Although Bill takes exception to a number of the District Court's factual findings, his specification of error relates primarily to the District Court's finding that Bill was a permissive user of his cotenants' fractional interests.

¶8 This Court reviews the findings of a trial court to determine whether they are clearly erroneous. Rule 52(a), M.R.Civ.P. A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. Engel v. Gampp, 2000 MT 17, ¶ 31, 298 Mont. 116, ¶ 31, 993 P.2d 701, ¶ 31 (citing Whalen v. Taylor (1996), 278 Mont. 293, 299, 925 P.2d 462, 465). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be less than a preponderance. Barrett v. ASARCO, Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080.

¶9 The District Court heard conflicting testimony on the question of whether Bill's use was permissive. Bill testified that he had always asserted his complete ownership of the ranch and that longstanding arguments with his siblings established his claim as hostile. Delores Foley, wife of Bill's deceased brother John, testified that Bill's use was permissive and that John had always wanted Bill to have full use of the property as long as it was not sold or mortgaged. She testified that, until these proceedings, Bill had never asserted that she or her late husband had no interest in the ranch and, furthermore, that Bill had on several occasions asked her to sign over her interest to him.

¶10 Delores' testimony provides substantial credible evidence that, at least until he attempted to sell the property, Bill's use of his siblings' fractional interests was in conformity with their wishes and was permissive. The fact that Bill testified to the contrary does not detract from the sufficiency of Delores' testimony. The District Court was in the best position to evaluate the credibility of the witnesses and to give each its proper weight. We conclude that the District Court's finding that Bill was a permissive user of his cotenants' fractional interest was not clearly erroneous and is affirmed.

¶11 Issue 2: Did the District Court err when it concluded that one cotenant could not gain title to another's interest through adverse possession?

¶12 Bill claims that the District Court incorrectly concluded that one cotenant could not deprive another of his interest through adverse possession. He cites a number of our cases holding that such adverse possession is possible following ouster of a cotenant. However, we need not address this issue. Even under the standard suggested by Bill, the claim of title by adverse possession is defeated by a finding that use was permissive. Having concluded above that the District Court's finding in this regard was not erroneous, we decline to review the issue of whether one cotenant can gain title to another's interest through adverse possession. The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON