No. 01-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 100

INDEPENDENCE BANK, f/k/a
FIRST SECURITY BANK OF HAVRE,

       Plaintiff and Respondent,

   v.

JAMES J. HALSETH, CAMIA L. HALSETH,
and STATE OF MONTANA, STATE MUTUAL
INSURANCE COMPENSATION FUND,

       Defendants and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                 In and for the County of Blaine,
                 The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       James J. Halseth, *Pro Se*, Harlem, Montana

       For Respondent:

       Chris R. Young, Attorney at Law, Havre, Montana

Submitted on Briefs:  January 31, 2002

Decided:  May 10, 2002

Filed:

_____
                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    James J. Halseth (Halseth) appeals from the judgment entered by the Seventeenth Judicial District Court, Blaine County, on its findings of fact, conclusions of law and decree of foreclosure. We affirm.

¶2    The sole issue on appeal is whether the District Court erred in determining that Halseth was not entitled to possession of the mortgaged property during the statutory redemption period.

BACKGROUND

¶3    In 1993, Halseth executed a promissory note in favor of First Security Bank of Havre, now known as Independence Bank (Bank), secured by a mortgage on real property he owned in Blaine County. In 1994, he executed three more promissory notes along with security agreements giving the Bank security interests in his farm machinery, equipment and crops. Halseth subsequently defaulted on the promissory notes and, in October of 1999, the Bank filed a foreclosure action in the District Court. The District Court held a bench trial, at which Halseth stipulated that he had defaulted on the notes and the Bank was entitled to foreclose. He contended, however, that he currently was residing on the Blaine County property and, therefore, was entitled to possession of the property for the one-year redemption period following the foreclosure sale.

¶4    The District Court entered findings of fact, conclusions of law and a decree of foreclosure, granting the Bank the right to take possession of the real and personal property at issue, sell it

2

and apply the proceeds toward the judgment amount. The court further determined that Halseth was not entitled to retain possession of the property during the following year because he was not residing there. The court entered judgment on the decree and Halseth appeals.

## STANDARD OF REVIEW

¶5 Whether a debtor occupies mortgaged property so as to allow him or her to retain possession following a foreclosure sale is a question of fact to be determined by the trial court. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1287. We will affirm a district court's findings of fact unless they are clearly erroneous. DeSaye, 250 Mont. at 322, 820 P.2d at 1287. A finding of fact is clearly erroneous if it is not supported by substantial evidence of record, if the court has misapprehended the effect of the evidence or if a review of the record leaves us with the definite and firm conviction that a mistake has been committed. DeSaye, 250 Mont. at 323, 820 P.2d at 1287. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion and, while consisting of more than a scintilla of evidence, may be less than a preponderance. Foley v. Arvidson, 2000 MT 388, ¶ 8, 304 Mont. 43, ¶ 8, 16 P.3d 389, ¶ 8.

## DISCUSSION

¶6 Did the District Court err in determining that Halseth was not entitled to possession of the mortgaged property during the statutory redemption period?

3

¶7    Following a judicial foreclosure of mortgaged real property, the judgment debtor has the statutory right to redeem the property from the purchaser at the sheriff's sale any time within one year after the sale.  See §§ 25-13-802 and 71-1-228, MCA.   During this one-year redemption period, the purchaser is not entitled to possession of the property if the debtor "personally occupies the land as a home for himself and his family."  Section 71-1-229, MCA. Halseth contended in the District Court that he resided on the Blaine County property which was the subject of the foreclosure proceeding and, therefore, was entitled to retain possession of the land during the redemption period.

¶8    In determining whether Halseth occupied the property as required by § 71-1-229, MCA, the District Court looked to § 1-1-215, MCA, which provides as follows:

> Every person has, in law, a residence.  In determining the place of residence, the following rules are to be observed:
>
> (1) It is the place where a person remains when not called elsewhere for labor or other special or temporary purpose and to which the person returns in seasons of repose.
>
> (2) There may only be one residence.  If a person claims a residence within Montana for any purpose, then that location is the person's residence for all purposes unless there is a specific statutory exception.
>
> (3) A residence cannot be lost until another is gained.
>
> . . . .
>
> (6) The residence can be changed only by the union of act and intent.

Based on the testimony at trial and the above guidelines, the District Court found that Halseth resided in Harlem, Montana, had

4

not shown the requisite union of act and intent to change his residence to the Blaine County property and, as a result, did not reside on that property. The court then concluded that, because Halseth did not reside on the Blaine County property, he did not occupy the property as his home as required in § 71-1-229, MCA, and, therefore, was not entitled to retain possession during the statutory redemption period.

¶9 Halseth does not challenge the District Court's application of § 1-1-215, MCA, in reaching its decision and, as a result, we do not address the propriety of applying the criteria set forth therein to the requirements of § 71-1-229, MCA. Halseth does assert, however, that the court's finding of fact regarding his lack of intent--under § 1-1-215, MCA--to make the Blaine County property his residence is clearly erroneous.

¶10 Halseth testified at trial that he moved into a camper trailer on the Blaine County property in June of 2000 for the sole purpose of establishing his right to retain the property during the redemption period following foreclosure. Prior to that time, he resided in a house he owns in Harlem, Montana, and for which he pays the mortgage, property taxes and insurance. Halseth also testified that the Harlem house was being rented by his girlfriend, but there was no written rental agreement and no rent receipts; nor had she paid any rent in the five months prior to the trial. He further testified that he still stays at the Harlem house occasionally. Additionally, although the telephone service to the Harlem house is in his girlfriend's name, Halseth gives out--and

receives calls at--that telephone number for both business and personal purposes, even though he has telephone service at the Blaine County property.

¶11 Halseth does not dispute that, prior to June of 2000, the Harlem house was his legal residence. Moreover, as a matter of law, Harlem remains Halseth's legal residence until he demonstrates, by the union of act and intent, that he has changed his residence. See § 1-1-215, MCA. The above testimony establishes that, while he moved to the camper trailer on the Blaine County property, Halseth retained ties to his Harlem home and did not intend to relinquish his residence in Harlem. Consequently, we conclude Halseth's testimony constitutes substantial evidence supporting the District Court's finding that he did not demonstrate the union of act and intent necessary to change his residence from Harlem to the Blaine County property. We further conclude that the court's finding is not otherwise clearly erroneous.

¶12 Halseth argues the District Court should have found he did intend to make the Blaine County property his permanent residence and points to portions of his trial testimony which he asserts supports such a finding. However, we review a district court's findings of fact only to determine whether substantial evidence supports those findings, not whether the evidence would support contrary findings. In re Estate of Bradshaw, 2001 MT 92, ¶ 20, 305 Mont. 178, ¶ 20, 24 P.3d 211, ¶ 20 (citations omitted). As we concluded above, substantial evidence of record supports the

6

District Court's finding of fact regarding Halseth's lack of intent to make the Blaine County property his residence.

¶13 Based on its finding that the Blaine County property was not Halseth's legal residence pursuant to § 1-1-215, MCA, the District Court determined that Halseth did not occupy the property as required in § 71-1-229, MCA, and, therefore, was not entitled to retain possession during the statutory redemption period. Having concluded the court's finding of fact was not clearly erroneous, we hold that the District Court did not err in determining that Halseth was not entitled to possession of the mortgaged property during the statutory redemption period.

¶14 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART