No. 95-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


SANDRA SPENCE,

      Plaintiff and Respondent,

  v.

MIKE ORTLOFF and ORTLOFF
BROTHERS AUTO RESTORATION,

      Defendants and Appellants.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          John C. Doubek; Small, Hatch, Doubek & Pyfer,
          Helena, Montana

      For Respondent:

          Russell E. Cater, Attorney at Law, Helena
          Montana


**FILED**

Filed:  JUL 1 7 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  June 8, 1995

Decided:  July 17, 1995

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Mike Ortloff and Ortloff Brothers Auto Restoration (collectively, Ortloff) appeal from an order of the First Judicial District Court, Lewis and Clark County, affirming the judgment of the Lewis and Clark County Justice Court, Small Claims Division (Small Claims Court) in favor of Sandra Spence (Spence) and against Ortloff in the amount of $1,024.40. We reverse.

Background

The following rendition of facts is taken from the findings of fact entered by the Small Claims Court. In May of 1994, Spence was involved in an auto accident. She had Ortloff tow her vehicle to his shop. Ortloff began repairs to Spence's car but, according to the findings entered by the Small Claims Court, Spence had not given Ortloff authorization to begin repairs. Ortloff disputes this point. Spence had to pay Ortloff $1,108.40 before he would release her car. Ortloff included $120 for storage costs in that bill.

Spence brought suit against Ortloff in small claims court. The Small Claims Court held a hearing on the matter on July 8, 1994. On July 13, 1994, the Small Claims Court entered its findings of fact, conclusions of law and a judgment in favor of Spence and against Ortloff for $1,024.40. Ortloff appealed the Small Claims Court's decision to district court.

The District Court attempted to review the record from the Small Claims Court. However, the audio tape that was supposed to

contain the record of the hearing in the Small Claims Court was blank. In spite of the lack of any record of the hearing before the Small Claims Court, the District Court affirmed the Small Claims Court's judgment based on its review of the findings of fact and conclusions of law. Ortloff appeals.

Discussion

Ortloff raises only one issue on appeal: Whether the District Court erred in affirming the Small Claims Court when there was no record of the hearing held in the Small Claims Court.

Spence argues that because § 25-35-803(2), MCA, limits a district court's review of a small claims court's decision to questions of law, the district court must take all of the small claims court's findings as true. We disagree.

Section 25-35-803(2), MCA, states that, on appeal from small claims court to district court, the district court may not conduct a trial de novo. Rather, the appeal shall be limited to questions of law. Although the district court review is limited to questions of law, the question of whether the small claims court's findings of fact were clearly erroneous is such a question of law. In the absence of a transcript or recording of the trial proceedings, the district court has no basis upon which to determine whether the findings of fact are clearly erroneous.

A reviewing court uses a three-step test to determine whether the findings are clearly erroneous. First, if a court's findings are not supported by substantial credible evidence, they are clearly erroneous. Second, if a court has misapprehended the

3

effect of the evidence, its findings are clearly erroneous. Third, if a review of the record leaves the reviewing court with the definite and firm conviction that a mistake has been committed, the lower court's findings are clearly erroneous. Interstate Production Credit Ass'n v. Desaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

It is apparent from the test announced in Desaye that a reviewing court must have a record of the lower court proceedings when determining whether the lower court's findings of fact are clearly erroneous.

In addition, § 25-35-703, MCA, provides that all civil actions tried in a small claims court shall be recorded either electronically or stenographically. Section 25-35-804(2), MCA, provides that when a small claims court decision is appealed, the small claims court shall forward the electronic recording or stenographic record to the district court. It is implicit in the commands of §§ 25-35-703 and -804(2), MCA, that a district court must have the opportunity to review the record from a small claims court.

It is unfortunate that this case must be reversed and remanded simply because the equipment in the Small Claims Court malfunctioned. We urge courts using audio equipment to preserve trial records to regularly test their equipment to make certain that this unfortunate situation does not arise again. Equipment failure results in unnecessary hardship for parties attempting to recover a relatively small judgment by the most efficient legal

4

means available. Moreover, implicit in this admonition is the further requirement that the trial court take pains to insure that the audio record is made in such a fashion that the reviewing court can identify the parties and witnesses and understand the testimony and rulings of the trial court. An audio record that cannot be understood is little better than no record at all. We hold that the District Court erred in affirming the judgment of the Small Claims Court without possessing a sufficient record to review. We reverse and remand to the Small Claims Court for a new hearing.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5