No. DA 06-0024

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 280N

_____

WILLIAM NORDHOLM,

        Plaintiff and Appellant,

    v.

JAMES MacDONALD, Warden of Crossroads
Corrections Center,

        Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and for the County of Toole, Cause No. DV 05-064,
                The Honorable Marc G. Buyske, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

        William Nordholm, pro se, Shelby, Montana

        For Respondent:

        J. Daniel Hoven and Trevor L. Uffelman, Browning, Kaleczyc, Berry &
        Hoven, P.C., Helena, Montana

_____

Submitted on Briefs:  October 3, 2006

Decided:  October 31, 2006

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William Nordholm (Nordholm) appeals from the decision of the Ninth Judicial District, Toole County, affirming a decision of the Small Claims Court to dismiss Nordholm's claims for monetary damages against James MacDonald, in his capacity as warden of Crossroads Correctional Center (CCC). We affirm.

¶3 Nordholm is an inmate at CCC, a private prison located in Shelby, Montana. CCC operates under a contract with the Department of Corrections (DOC). Nordholm filed an action seeking $1,000 in alleged damages from CCC caused by water leaking from a pipe onto a shelf in Nordholm's cell that held items of his personal property.

¶4 The Small Claims Court held a trial on the matter on August 17, 2005, and issued a written opinion in favor of MacDonald based upon the facts that Nordholm had not exhausted all grievance procedures and that Nordholm had failed to store his property in his personal property box as required by CCC procedure. The Small Claims Court noted that DOC had approved CCC's grievance procedure. CCC's grievance procedure allowed Nordholm the option of filing his claim with CCC, or, in the alternative, of filing his claim with DOC. Nordholm filed an appeal to the District Court.

2

¶5 The District Court, in an order dated December 9, 2005, affirmed the decision of the Small Claims Court on the grounds that the Small Claims Court correctly had resolved questions of law. The District Court specifically held that "substantial evidence" supported the conclusion that Nordholm had failed to exhaust his administrative remedies before filing his complaint in Small Claims Court. This appeal followed.

¶6 The district court may not conduct a trial *de novo* on an appeal from small claims court to district court. Section 25-35-803(2), MCA. The district court's inquiry on appeal is limited to determining whether the small claims court correctly resolved questions of law. Section 25-35-803(2), MCA. "Although the district court review is limited to questions of law, the question of whether the small claims court's findings of fact were clearly erroneous is such a question of law." *Spence v. Ortloff*, 271 Mont. 533, 533, 898 P.2d 1232, 1233 (1995).

¶7 We use a three-step test to determine whether the findings are clearly erroneous. First, a court's findings are clearly erroneous if not supported by substantial credible evidence. Second, a court's findings are clearly erroneous if the court has misapprehended the effect of the evidence. Finally, a court's findings are clearly erroneous if a review of the record leaves the reviewing court with a definite and firm conviction that a mistake has been committed. *Spence,* 271 Mont. at 533, 898 P.2d at 1233.

¶8 Nordholm argues on appeal that no statutory authority or common law supports the Small Claims Court's determination that he was required to exhaust CCC's

3

administrative remedies before bringing this action in Small Claims Court. He contends that as a private corporation, CCC cannot force him first to exhaust administrative remedies before filing an action in small claims court. Nordholm also argues that any grievance filed by him pursuant to CCC's administrative remedies would have been futile in light of the fact that the same officials who would be reviewing his grievance "continuously chose to ignore Nordholm's claim."

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that Nordholm's appeal lacks merit. Substantial evidence supports the District Court's Findings of Fact and settled Montana law clearly controls the legal issues presented. The District Court correctly interpreted these legal issues.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE