DA 06-0270

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 197

ANTHEL L. BROWN,

        Plaintiff and Appellant,

   v.

JAMES MacDONALD,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Ninth Judicial District,
                   In and For the County of Toole, Cause No. DV 05-092
                   Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Anthel L. Brown, pro se, Deer Lodge, Montana

        For Respondent:

        Trevor L. Uffelman, Browning, Kaleczyc, Berry & Hoven, P.C.,
        Helena, Montana

                 Submitted on Briefs:  December 6, 2006

                         Decided:  August 14, 2007

Filed:

                               _____
                                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Anthel L. Brown (Brown) appeals from the order of the Ninth Judicial District Court, Toole County, affirming the dismissal of his complaint in the Small Claims Division of the Toole County Justice Court (Small Claims Court). We reverse and remand.

¶2 We consider the following issue on appeal:

¶3 Did the District Court err in affirming the Small Claims Court's dismissal of Brown's complaint for failure to exhaust administrative remedies?

## BACKGROUND

¶4 Brown is an inmate at Crossroads Correctional Center (Crossroads), a private prison located in Shelby, Montana, which operates under a contract with the Department of Corrections (DOC). Brown filed a complaint in the Small Claims Court, which alleged that he had "hired a paralegal office (Constitutional Alternatives) to do legal research and typing of brief for court" and that Crossroads Warden James MacDonald "denied access to law office." The complaint asserted that the Defendant was indebted to Brown in the amount of $2,250 for "services lost."

¶5 At the hearing in the Small Claims Court, Judge Jack Stokes placed Brown and MacDonald under oath. Warden MacDonald offered an oral motion to dismiss the case for failure to exhaust administrative remedies, offering that exhaustion was required by this Court's decision in *Nordholm v. MacDonald*, 2006 MT 280N, 335 Mont. 397, 149 P.3d 913 (table), that Crossroads followed "Policy 3.3.3 of the Montana Department of Corrections," that he had received a letter from Brown but that there was "a series of

things" to be done under the grievance process, and that Brown had failed to follow the remedies available to him prior to filing suit. Brown indicated that he had received a response from MacDonald indicating "that I had met the procedures of the grievance issue." Based upon this sworn testimony and argument, the judge concluded that Brown had failed to exhaust his administrative remedies and dismissed the complaint. Neither the grievance policy nor the regulations on which it was based were offered.

¶6 Brown appealed to the District Court, which concluded that MacDonald had asserted a defense of failure to exhaust remedies at his first opportunity in the small claims process, that the policies of Crossroads "provide a means to address all forms of complaints arising within the facility," and that the Small Claims Court "did not commit a mistake of law when it dismissed the complaint of Plaintiff for failure to exhaust remedies." Brown appeals.

## STANDARD OF REVIEW

¶7 A district court's inquiry on appeal from a small claims court is limited to determining whether the small claims court correctly resolved questions of law. Section 25-35-803(2), MCA. "Although the district court review is limited to questions of law, the question of whether the small claims court's findings of fact were clearly erroneous is such a question of law." *Spence v. Ortloff,* 271 Mont. 533, 535, 898 P.2d 1232, 1233 (1995). This Court applies the same standard as the district court.

¶8 A three-step test is used to determine whether the findings are clearly erroneous. First, a court's findings are clearly erroneous if not supported by substantial credible evidence. Second, a court's findings are clearly erroneous if the court has

3

misapprehended the effect of the evidence. Finally, a court's findings are clearly erroneous if a review of the record leaves the reviewing court with a definite and firm conviction that a mistake has been committed. *Spence,* 271 Mont. at 535, 898 P.2d at 1233.

## DISCUSSION

¶9      ***Did the District Court err in affirming the Small Claims Court's dismissal of Brown's complaint for failure to exhaust administrative remedies?***

¶10     Brown argues, as he did to the District Court, that he was not required to exhaust his administrative remedies prior to filing a complaint in the Small Claims Court. Brown argues that neither the Montana Rules of Justice and City Court Civil Rules, the Montana Uniform Rules of Justice and City Courts, nor the statutory provisions relating to procedures in the Montana Justice and City Courts require a plaintiff to exhaust administrative remedies in order to file an action in small claims court, and thus, this Court should remand this case to that court for a trial on the merits of his complaint. Brown also maintains that, even if there was an exhaustion requirement, Warden MacDonald never advised Brown that he needed to exhaust Crossroads' grievance process before seeking judicial relief at the time Brown sent him the demand letter.

¶11     Warden MacDonald responds that the grievance policy requires inmates to exhaust administrative remedies in all cases before seeking judicial relief, and Brown's failure to do so requires that we affirm the District Court. MacDonald also argues that, because the Small Claims Court is a court of limited jurisdiction, it lacked jurisdiction to entertain Brown's complaint, which he argues was, on its face, a civil rights claim under 42 U.S.C.

4

§ 1983, because Brown claimed he was denied access to legal services. Lastly, Warden MacDonald insists that even if that court had jurisdiction, Brown cannot recover damages for denial of access to Constitutional Alternatives because Brown, as an inmate, had no right to receive assistance from non-lawyers outside the prison.

¶12 First addressing MacDonald's contention that this is a civil rights claim under 42 U.S.C. § 1983, we note that "[s]ection 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" *Jones v. Montana University System*, 2007 MT 82, ¶ 32, 337 Mont. 1, ¶ 32, 155 P.3d 1247, ¶ 32 (quoting *Albright v. Oliver,* 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994); *Graham v. Connor,* 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870 (1989)). To make out a cause of action under § 1983, a plaintiff must allege that the defendant is acting under the color of state law and has deprived plaintiff of his rights as secured by the federal constitution and federal statutes. *WMX Technologies, Inc. v. Miller*, 80 F.3d 1315, 1318 (9th Cir. 1996) (citing *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054, 107 S. Ct. 928 (1987)). Therefore, the first step in evaluating whether a § 1983 claim exists is to identify the specific federal constitutional or statutory right allegedly infringed. *Graham,* 490 U.S. at 394, 109 S. Ct. at 1870.

¶13 Brown's complaint did not assert that a federal constitutional or statutory right had been infringed, stating only:

> Comes now, Anthel LaVan Brown the Plaintiff, being first duly sworn, upon oath, and complains and alleges that Defendant is indebted to Plaintiff in the sum of $2,250.00 for Services Lost. Hired a paralegal office (Constitutional Alternatives) to do legal research and typing of Brief for court. MacDonald has denied access to law office . . . .

5

The complaint merely sought reimbursement for services lost from Constitutional Alternatives when MacDonald allegedly denied access to that office. A § 1983 claim that would have exceeded the jurisdiction of the Small Claims Court is not made out by the complaint.

¶14 MacDonald's related argument—that because Constitutional Alternatives is not operated by or does not provide services by a lawyer, Brown's constitutional right to access to the courts and counsel was not denied—is not supported by the record. The complaint itself is contradictory on this point, describing Constitutional Alternatives as both a "paralegal office" and a "law office." The Small Claims Court took no evidence regarding Constitutional Alternatives, its principals, or the services it provides. Nor did MacDonald introduce evidence of correctional policies which would restrict an inmate's communication to those outside the prison, whether legal advisors or lay persons. While such policies may provide a defense to MacDonald, the policies were not raised as a defense in the Small Claims Court and evidence was not introduced to establish the policies. Thus, without a factual foundation, the issue was not preserved and we cannot resolve it.

¶15 Lastly, the District Court affirmed the Small Claims Court by concluding that "[t]he policies of the Crossroads Correctional Center provide a means to address all forms of complaints arising within the facility. Plaintiff did not follow this procedure." The testimony from MacDonald was that this Court required exhaustion of administrative remedies in *Nordholm*, that Crossroads had adopted a policy requiring exhaustion of administrative remedies pursuant to Policy 3.3.3 of the Montana Department of

Corrections, and that Brown had failed to follow that process, which MacDonald referenced as a "multi-step" policy. Brown disputed that evidence, indicating that he had submitted a letter and had received a response from MacDonald advising him that he had followed the procedure.

¶16 However, MacDonald did not offer the grievance policy for introduction into evidence, nor the DOC policy upon which it was allegedly based. We would note that MacDonald's citation to *Nordholm* was unavailing, as that decision was an "unpublished" memorandum decision which, pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules (2003), may not be cited as precedent. Likewise, the letter from MacDonald which Brown referenced was not introduced. Without evidence of the applicable policies, we are unable to determine the nature and requirements of the grievance procedure and whether it was complied with. The record which remains is the parties' conflicting statements under oath regarding whether the procedure was satisfied. On this record, we cannot conclude that there was substantial evidence to support the Small Claims Court's implicit factual determination that Brown failed to satisfy the procedure and that, in turn, such failure warranted dismissal as a matter of law. As a practical matter and in hindsight, it may have been more productive to have conducted the hearing so that a better record with regard to these issues was created.

¶17 We conclude that the District Court erred in affirming the Small Claims Court's dismissal of Brown's complaint for failure to exhaust his administrative remedies. We

7

reverse and remand to the Small Claims Court for further proceedings consistent

herewith.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS