No. 00-460

IN THE SUPREME COURT OF THE STATE OF MONTANA
2001 MT 106

---

MORRIS ANDERSON d/b/a ANDERSON BONDING,

Plaintiff and Respondent,

v.

THOMAS ROHRICH,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kenneth R. Olson, Attorney at Law, Great Falls, Montana

For Respondent:

Curtis G. Thompson, Thompson & Potts, PC, Great Falls, Montana

Submitted on Briefs: February 8, 2001

Decided: June 19, 2001 Filed:

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Plaintiff, Morris Anderson d/b/a Anderson Bonding, brought this action in the District Court for the Eighth Judicial District in Cascade County to recover $75,000 from the Defendant, Thomas Rohrich, pursuant to an indemnity agreement. Following a non-jury trial, the District Court entered judgment for Anderson. On appeal Rohrich contends that the District Court's findings were clearly erroneous. We affirm the judgment of the District Court.

¶2 Appellant Rohrich raises two issues on appeal:

¶3 (1) Did the District Court err when it found that the indemnity note signed by

Rohrich included the essential terms of an enforceable contract?

¶4 (2) Did the District Court err when it found that the date on the indemnity note was a typographical error?

## FACTUAL BACKGROUND

¶5 On September 26, 1996, Brummer's bail amount was reduced to $75,000. Lee arranged to pay Anderson $7,500 for the bond premium. Anderson was unable to contact Rohrich on that day, however, based on prior negotiations with Rohrich, Anderson believed that Rohrich would sign an indemnity agreement to secure the bond. In reliance on these assurances, Anderson posted bond for Brummer. He picked Brummer up at the prison where he required Brummer to sign an indemnity note. Anderson then drove Brummer to Rohrich's house. Rohrich and Anderson agreed that Brummer would stay there so that Rohrich could keep an eye on him.

¶6 Brummer informed Anderson that Rohrich was out of town for a couple days. When Rohrich returned Anderson obtained Rohrich's signature on an indemnity note. Rohrich did not question Anderson about the note and signed it without discussion regarding the effect of his signature. According to Rohrich, the note was blank and he believed that Anderson would complete the note and bring it back to him for his approval. The indemnity note ultimately relied upon by Anderson bears the date "9/26/97." The indemnity note also provides that should Anderson Bonding become liable for the forfeiture of a bail bond, the indemnitor will indemnify Anderson and pay interest on the amount indemnified at the rate of 12% per annum from the date Anderson Bonding paid the bond forfeiture until such amount is fully paid and that the indemnitor will pay reasonable attorneys fees in the event that a suit is initiated to collect the amount owed.

¶7 After residing with Rohrich for several months, Brummer fled the state. On July 3, 1997, the Cascade County Attorney filed a motion to forfeit bail. On November 3, 1997, the District Court ordered that a judgment in the amount of $75,000 be entered against Brummer and Anderson Bonding as his surety. After Anderson satisfied the judgment, Anderson waited to determine if Rohrich would indemnify

him, however, he did not do so.

¶8  On January 28, 1998, Anderson brought this action to enforce the indemnity note. Following trial, the District Court entered findings, conclusions, and an order requiring that Rohrich pay Anderson Bonding the sum of $75,000, plus interest and attorneys fees and costs.

## DISCUSSION
## ISSUE ONE

¶9  Did the District Court err when it found that the indemnity note signed by Rohrich included the essential terms of an enforceable contract?

¶10  Although designated a conclusion of law, the District Court made a finding that at the time it was executed, the indemnity note included all the essential terms of a contract. Rohrich contends that he signed a form on which essential terms had not been included and that, therefore, the District Court's finding is clearly erroneous.

¶11  We review a district court's findings of fact to determine whether they are clearly erroneous. Findings of fact are clearly erroneous if they are not supported by substantial credible evidence, the district court misapprehended the effect of the evidence, or we are left with a definite and firm conviction that a mistake has been committed. *Interstate Production Credit Ass'n. v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

¶12  Pursuant to §28-2-102, MCA, a contract must contain identifiable parties capable of contracting, consent between the parties, a lawful object, and sufficient cause or consideration. Rohrich maintains that the note was blank when he signed it and, therefore, he did not sign a valid contract. Anderson disagreed and testified that the note did contain all essential terms when Rohrich signed it. Anderson's assistant, Carmen "Red" Jorgenson, also testified that the note was filled out when Rohrich signed it. Furthermore, Rohrich testified that he was familiar with indemnity notes, as he had signed notes on three prior occasions with Anderson Bonding, including two notes that he signed for himself with Anderson Bonding. Anderson testified that as a matter of business practice, he would not provide

indemnitors with a blank note.

¶13 On appeal, Rohrich points to his own testimony and substantial circumstantial evidence that the note was completed only after Brummer absconded. However, the credibility of witnesses and the weight to be afforded their testimony is a matter left to the sound discretion of the trial court. *Groves v. Clark,* 1999 MT 117, ¶18, 294 Mont. 417, ¶18, 982 P.2d 446, ¶18. The Court acknowledged that conflicting evidence existed as to whether the note was blank or completed when signed. However, the Court found that "based upon the testimony of the witnesses and the evidence presented at trial, this Court holds that the indemnity note was a completed document, in that it contained all essential terms as evidenced in Plaintiff's Exhibit 3/Defendant's Exhibit B, when Rohrich signed it."

¶14 Substantial credible evidence supports the District Court's finding that the indemnity note was completed when signed and we conclude, based on the record and the strong deference we must pay to the District Court's superior position to evaluate testimony, that its finding was not clearly erroneous.

ISSUE TWO

¶15 Did the District Court abuse its discretion when it found that the date on the indemnity note was a typographical error?

¶16 The indemnity note included the date "9/26 . . . 97". Anderson testified that it was a typographical error. Brummer was released from prison on September 26, 1996. According to Anderson, he prepared the indemnity note on September 26 but mistakenly typed the year 1997 instead of 1996. He brought the note to Rohrich to sign several days after Brummer's release from prison.

¶17 Rohrich claims that the misidentified year is further evidence that Anderson did not complete the terms of the note prior to Rohrich's signature. He contends that based on Anderson's testimony and other circumstantial evidence, the District Court was clearly erroneous when it found that the 1997 date on the note was merely a typographical error.

¶18 However, the testimony of one witness is sufficient to prove any fact, *see State*

*v. Southern*, 1999 MT 94, ¶80, 294 Mont. 225, ¶80, 980 P.2d 3, ¶80, and based on Anderson's testimony, we conclude that there was substantial evidence that the 1997 date was placed on the note by typographical error. Furthermore, based on our review of the record and the substantial deference we must pay to the finder of fact and his unique opportunity to judge the credibility of witnesses, we conclude that the District Court's finding is not clearly erroneous.

¶19  For these reasons, we affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER