DA 14-0103

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 269N

LR RANCH CO.,

       Plaintiff and Appellant,

  v.

WILLIAM E. MURNION,

       Defendant and Appellee.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and For the County of Garfield, Cause No. DV 13-6
                Honorable Katherine M. Bidegaray, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

              James A. Patten, Patten, Peterman, Bekkedahl & Green, PLLC, Billings,
              Montana

       For Appellee:

              Steven A. Hanson, Hanson Law Office, Billings, Montana


                        Submitted on Briefs:  September 10, 2014
                                Decided:  October 7, 2014


Filed:

                        _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 LR Ranch Co. appeals from the Findings of Fact, Conclusions of Law and Order of the Sixteenth Judicial District Court, Garfield County, finding in favor of William Murnion and awarding him attorney's fees. We affirm.

¶3 LR Ranch is a Montana corporation, the stock in which was exclusively owned by Loriene Murnion until her death in February 2013. LR Ranch leased its farm and ranch properties to Loriene's son, William Murnion, for a term beginning February 1, 2008, and concluding January 31, 2018. The lease between William and LR Ranch required William to pay annual rent of $40,000, comprised of monthly payments of $1,500, payment of all property taxes, and payment of the annual rent due on a state lease. William was entitled to receive a credit of up to $5,000 each year for capital improvements and was allowed to make any improvements he, in his discretion, found appropriate. William was also required to maintain the property in good condition and pay the electric bill. In the event William defaulted on his rent payments and failed to cure the default within 30 days of notice by LR Ranch, the lease would terminate.

¶4 William mistakenly believed the lease allowed him to deduct the cost of electrical services from his rent payments. As a result, William did not pay his full rent obligation

2

for the first five years of his lease. LR Ranch noted this default in a letter dated December 28, 2012. LR Ranch also raised several other issues about William's management of the property. On January 10, 2013, William offered to pay the $4,599.16 he owed as soon as an agreement could be reached regarding the other issues. LR Ranch did not respond to this offer until February 8, 2013, when it informed William it considered the lease terminated as a result of his monetary default.

¶5 On May 7, 2013, LR Ranch filed a complaint seeking unpaid rent, the value of a backhoe that had allegedly been removed, and injunctive and declaratory relief. LR Ranch noted that it intended to sell the farm and ranch property during the administration of Loriene's estate. LR Ranch later began hauling away items of property on the ranch, including a livestock loading chute and several tons of scrap metal.

¶6 A bench trial was held beginning October 4, 2013. The District Court found the lease remained in effect because William's breach was not material and he had timely offered to cure the default. The District Court also found credible William's testimony that the backhoe, livestock loading chute, and scrap metal belonged to him. The District Court ordered LR Ranch to return the loading chute and scrap metal to William and to pay his attorney's fees pursuant to the lease agreement. LR Ranch filed this appeal.

¶7 We review findings of fact for clear error. *Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 30, 360 Mont. 112, 252 P.3d 182. A district court's findings of fact are clearly erroneous if they are not supported by substantial evidence, if the district court has misapprehended the effect of the evidence, or if a review of the record leaves us with the

definite and firm conviction that a mistake has been made. *Eldredge*, ¶ 30. We review conclusions of law for correctness. *Eldredge*, ¶ 30.

¶8 LR Ranch claims the District Court erred by concluding that it was not entitled to terminate the contract due to monetary default. A breach is not material if it goes to only part of the consideration and is incidental to the main purpose of the contract. *Norwood v. Serv. Distrib. Inc.*, 2000 MT 4, ¶ 29, 297 Mont. 473, 994 P.2d 25 (quoting *Flaig v. Gramm*, 1999 MT 181, ¶ 27, 295 Mont. 297, 983 P.2d 396). A court may look to several factors in determining whether a breach is material, including the extent to which the non-breaching party will be deprived of an expected benefit, the likelihood of curing, and the extent to which the defaulting party acted in good faith. *See* Restatement (Second) of Contracts § 241 (1981). Here, William's monetary default affected only a small portion of the consideration. He timely offered to cure the default and subsequently placed sufficient funds in a trust account. He acted in the good faith belief that he was entitled to deduct payments for electrical services. The District Court did not err in concluding that the breach was not material and the lease remained in effect.

¶9 LR Ranch claims the District Court erred by finding that the backhoe and livestock loading chute belonged to William. William testified that the backhoe was given to him by his father in exchange for labor on the ranch. William testified that he constructed the livestock loading chute himself, supplying all labor and at least some of the materials. The chute was used by William on the ranch to load livestock. Other witnesses testified that they believed the chute belonged to William. The credibility of witnesses and the weight afforded their testimony is left to the discretion of the trial

4

court. *Anderson v. Rohrich*, 2001 MT 106, ¶ 14, 305 Mont. 274, 26 P.3d 99. The District Court found William's testimony credible. We hold the District Court's findings were supported by substantial evidence.

¶10 LR Ranch also claims the District Court erred by finding that scrap metal found on the property belonged to William and had not been abandoned. Abandonment requires both intent to abandon and actual relinquishment. *Conway v. Fabian*, 108 Mont. 287, 306, 89 P.2d 1022, 1029 (1939). Intent, where not expressly stated, may be inferred from the acts of the owner. *Conway*, 108 Mont. at 306-07, 89 P.2d at 1029. William testified that the scrap metal had always belonged to him. The scrap metal was kept on ranch property leased by William. William testified he had been hauling the scrap metal a month or two before it was removed by LR Ranch. William also testified that prior to leasing the ranch, he had established a practice of storing items on the ranch with his father's permission. Under these circumstances, the District Court did not err in finding that William's actions did not show intent to abandon the scrap metal.

¶11 LR Ranch claims the District Court also erred because it failed to enter specific findings regarding whether William was entitled to credit for capital improvements not approved by the board of directors. In its findings of fact, the District Court found that William did not claim more than $5,000 of capital improvements in any single year, as permitted by paragraph 1(iv) of the lease agreement. The District Court also referred to paragraph 5(i) of the lease agreement, which states, "Lessee may, at his option make such capital improvements as he, in the exercise of his discretion, determines." The District

5

Court appropriately declined to order reimbursement for capital improvements made by William in his discretion. The District Court did not err.

¶12 William was also awarded attorney's fees pursuant to paragraph 11 of the lease agreement, which states, "In the event of litigation to enforce any term or condition hereof the court shall award the prevailing party, in addition to the costs of suit, all reasonable and necessary attorney's fees incurred in connection with the litigation." We affirm the order of the District Court, including the award of attorney's fees. Furthermore, as William is the prevailing party in this appeal, he is entitled to appellate costs and reasonable and necessary attorney's fees as stated in the lease agreement.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA